787 So.2d 1017 (2001)
Marie BELLARD, et al.
v.
LAKE CHARLES MEMORIAL HOSPITAL, et al.
Marie Bellard, et al.,
v.
Lake Charles Memorial Hospital, et al.
Nos. 00-1599-CA, 00-1600-CA.
Court of Appeal of Louisiana, Third Circuit.
April 4, 2001.
Opinion on Grant of Rehearing May 16, 2001.
John E. Bergstedt, The Bergstedt Law Firm, Lake Charles, LA, Counsel for Defendant/Appellee Dr. Francis X. Bride.
Richard B. Cappel, Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, Counsel for Defendant/Appellee Dr. Van A. Snider.
Robert W. Clements Stockwell, Sievert, Viccellio, Clements & Shaddock LLP, Lake Charles, LA, Counsel for Defendant/Appellee Lake Charles Memorial Hospital.
Louis Adam Gerdes, Jr., Attorney at Law, New Orleans, LA, Counsel for Plaintiffs/Appellants Marie Bellard, Estate of Lillian Soileau, Sarah Ballou, Helen May, Henrieta Williams, Thommie Guillory.
*1018 Court composed of YELVERTON, PETERS, and GREMILLION, Judges.
PETERS, J.
On August 2, 1999, Marie Bellard, appearing as executrix of the estate of Lillian Soileau, together with Sarah Ballou, Helen May, Henrieta Williams, and Thommie Guillory (hereinafter referred to as the "plaintiffs") filed a medical malpractice suit against Lake Charles Memorial Hospital, Dr. Van A. Snider, and Dr. Francis X. Bride (hereinafter referred to as the "defendants"). In the suit, the plaintiffs asserted that the defendants were negligent in the treatment of Lillian Soileau after she appeared in the hospital emergency room on May 10, 1995, complaining of shortness of breath and abdominal pain and their negligence caused Lillian Soileau's death. At the end of the petition appeared a handwritten note which stated: "Hold Service per Nadia at Louis Gerdes office on 8/06/99 BD." Louis Gerdes was the attorney who signed the pleadings on behalf of the plaintiffs. This suit bears trial Docket Number 99-5015.
The defendants were never served with process, but they did respond to the suit by filing a motion to dismiss and rule to show cause on November 18, 1999. In this motion, the defendants asserted that more than ninety days had lapsed since the plaintiffs filed suit, and because service had not been perfected during that period, they requested that the plaintiffs show cause why their suit should not be dismissed. The defendants filed a second rule to show cause on January 6, 2000, asserting the same facts and seeking the same relief.
On February 13, 2000, before a hearing could be held on the defendants' request for relief, the plaintiffs filed a second suit against the defendants, asserting the same factual basis for relief as was contained in the August 1999 suit. The defendants responded to this suit by filing an exception of lis pendens, asserting the existence of the August 1999 suit as the basis of the exception. Thereafter, on April 17, 2000, the two suits were consolidated.
On July 25, 2000, the trial court heard arguments on both the rule to show cause filed in the August 1999 suit and the exception of lis pendens filed in the February 2000 suit. Counsel for the plaintiffs did not appear at the hearing. After hearing arguments of defendants' counsel, the trial court granted the motion to dismiss and the exception of lis pendens, ordering that both suits be dismissed without prejudice. The plaintiffs have appealed, asserting that the trial court should have disposed of the motion to dismiss first, and if it had done so, the exception of lis pendens would have had no merit.

OPINION
The basis for the trial court's decision to dismiss the August 1999 suit is found in La.Code Civ.P. art. 1672(C), which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Louisiana Code of Civil Procedure art. 1201(C) requires that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." The plaintiffs made no good cause showing why service of citation was not requested within ninety days of the filing of suit, and they do not argue *1019 that the trial court erred in dismissing the August 1999 suit. Instead, they argue that the motion to dismiss should have been acted on first, and once the August 1999 suit was dismissed, there was no basis upon which to grant the exception of lis pendens.
In dismissing the February 2000 suit, the trial court relied on the provisions of La.Code Civ.P. art. 531, which provides in part that "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925." (Emphasis added). Louisiana Code of Civil Procedure art. 925(A)(3) provides the authority for the declinatory exception of lis pendens.
We note, however, that the Louisiana Code of Civil Procedure does not use the term "suit" when it describes the beginning of a civil proceeding. Rather, it speaks of the commencement of a "civil action" and defines that "civil action" as "a demand for the enforcement of a legal right." La.Code Civ.P. art. 421. To commence a "civil action," one must file "a pleading presenting the demand to a court of competent jurisdiction." Id. However, the filing of a pleading merely commences the civil action. Absent citation and service of the pleading pursuant to La.Code Civ.P. art. 1201, all proceedings associated with the pleading "are absolutely null."
In the case before us, the plaintiffs never effected citation and service of the August 1999 suit. Therefore, although they commenced a civil action by filing the August 1999 pleading, that proceeding was "absolutely null" for lack of citation and service. The provisions of La.Code Civ.P. art. 1672(C) mandating dismissal for lack of service are nothing more than a recognition of the nullity of the existing action.
Because the August 1999 action was an absolute nullity, it follows that there was no prior suit pending that could be addressed by the exception of lis pendens in the February 2000 action. Thus, we find that the trial court erred in granting the exception of lis pendens.

DISPOSITION
For the foregoing reasons, we reverse the trial court's judgment granting the defendants' exception of lis pendens and dismissing the plaintiffs' February 2000 suit, and remand for further proceedings. All costs of this appeal are taxed against the defendants, Lake Charles Memorial Hospital, Dr. Van A. Snider, and Dr. Francis X. Bride.
REVERSED AND REMANDED.

ON REHEARING
PETERS, J.
We granted a rehearing in this matter for the limited purpose of clarifying the decision previously rendered in this matter. The defendants have, by a motion for rehearing, questioned whether our disposition of the plaintiffs' appeal disposed of all issues. Specifically, the defendants assert that plaintiffs had questioned the propriety of the trial court's dismissal of its first suit as well as the second. We did not interpret the plaintiffs' appeal as questioning the dismissal of the first suit.
The plaintiffs asserted only one assignment of error, in which they stated the following:
The Court below decided the Exception of Lis Pendens in the second case first, eventhough [sic], it had been filed after the Motion to Dismiss in the first case. Had the Court disposed of the exceptions in the order in which they were filed, and dismissed the first case *1020 first, the Exception of Lis Pendens could not have been maintained.
In other words, the plaintiffs did not assert that the trial court erred in dismissing the first suit, but asserted that it erred in granting the exception and dismissing the second suit before it dismissed the first. As we interpreted the plaintiffs' argument, had the trial court first dismissed the initial suit, that action would have rendered the exception of lis pendens moot. Both suits were before us, not because of separate appeals, but because they were consolidated prior to the hearing on the motion to dismiss and exception.
The decision rendered by this court had the effect of reversing the trial court's grant of the exception of lis pendens, and did not consider the correctness of the decision relative to the motion to dismiss the first suit as that issue was not before us. The confusion arises because the plaintiffs end their brief by suggesting that this court should "[u]phold the lower Court's dismissal of the first case" and "[r]everse the lower Court with respect to its maintaing [sic] of the Exception of Lis Pendens in the second action." Thus, the plaintiffs seem to be requesting that this court render a decision on a judgment not disputed by any party. However, by making this statement, the plaintiffs have "voluntarily and unconditionally acquiesced in [the] judgment rendered against [them]" and that judgment cannot be the subject of an appeal. La.Code Civ.P. art.2085.
To the extent that we need to consider the validity of the trial court's dismissal of the first suit, we apply the provisions of La.Code Civ.P. art.2085 and reject the request of the plaintiffs that we uphold the dismissal of the first action, finding that the issue is not properly before us.