815 So.2d 858 (2002)
Connie JACOBS
v.
LOUISIANA FARM BUREAU INSURANCE COMPANIES, et al.
No. 01-837.
Court of Appeal of Louisiana, Third Circuit.
December 19, 2001.
Writ Denied March 28, 2002.
Joseph Payne Williams, Williams & Family Law Firm, Natchitoches, LA, Counsel for Defendants/Appellants: Southern Farm Bureau Casualty Insurance Company.
William L. Townsend, III, Kelly, Townsend, & Thomas, Natchitoches, Counsel for Plaintiff/Appellee: Connie Jacobs.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO and GLENN B. GREMILLION, Judges.
*859 WOODARD, Judge.
On July 11, 2000, Ms. Connie Jacobs filed suit against Mr. Terry Scott and his insurer, Southern Farm Bureau Casualty Insurance Company (Southern Farm). She did not request citation and service. More than ninety days passed. The Defendants moved for an involuntary dismissal, which the trial court granted on December 21, 2000. That same day, Ms. Jacobs filed the same lawsuit, again, against the same defendants. This time, the Defendants filed an exception of prescription, which the trial court denied. They appeal. We affirm.

* * * * *
On July 11, 1999, Mr. Scott, the driver, allegedly, injured Ms. Jacobs in an automobile accident in Natchitoches, Louisiana. Southern Farm insured him. On July 11, 2000, she filed a lawsuit against Mr. Scott and Southern Farm"Connie Jacobs v. Farm Bureau Insurance Companies, et al, Number 72,578A." Her counsel requested that service not be made at that time. Ninety days passed without service on the Defendants. Mr. Scott and Southern Farm moved for an involuntary dismissal. The trial court heard the motion on December 21, 2000 and rendered judgment, that day, dismissing Ms. Jacobs' petition without prejudice.
Later that day, she filed another petition (suit no. 73,076B), which is the basis for the claim before us. In response, Southern Farm and Mr. Scott sought an exception of prescription, contending that her second suit was filed more than one year after the automobile accident. The trial court heard the exception on May 31, 2001 and ruled in her favor, denying it.
Southern Farm and Mr. Scott appeal this ruling. They urge that the petition should have been dismissed, with prejudice, as being untimely.

* * * * *

SERVICE REQUIREMENTS
La.Code Civ.P. art. 1201(C). requires that a defendant be served within ninety days of the filing of the petition:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
La.Code Civ.P. art. 1672(C). requires that an action be dismissed, without prejudice, when service is not requested within ninety days, unless good cause is shown why it could not have been requested:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
(Emphasis added).

INTERRUPTION OF PRESCRIPTION
The trial court correctly dismissed Ms. Jacobs' first lawsuit, on December 21, 2000, when she failed to timely request service on the Defendants within ninety days.[1] Normally, the second suit, which she filed the same day, would be beyond the one year prescriptive period for her *860 July 11, 1999 accident. However, she maintains that, under La.Civ.Code art. 3463, her original suit interrupted the running of prescription on her subsequent lawsuit. She, also, argues that the second sentence of La.Civ.Code art. 3463 does not apply, as she did not abandon her first suit, voluntarily dismiss it before the Defendants made an appearance, or fail to prosecute the suit at trial (no trial date had been scheduled); thus, prescription was interrupted from July 11, 2000 until December 21, 2000, the day she filed her second suit.
"Interruption" is defined as "[a] break in continuity or uniformity. The occurrence of some act or fact, during the period of prescription, which is sufficient to arrest the running of the statute of limitations."[2] When interruption occurs, prescription begins to run anew, from the last day of the interruption.[3]
La.Civ.Code art. 3463 provides that:

An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.
(Emphasis added).
When interpreting a statute, we must consider all laws together, which are on the same subject matter.[4] Other statutes, that are relevant to our discussion, are La.R.S. 13:5107 and La.R.S. 9:5801.
La.R.S. 13:5107(D) specifies:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

(Emphasis added).
The legislature enacted the above statute in 1996, effective May 9, 1996. Since our case does not involve the state, a state agency, or political subdivision, or any officer *861 or employee as a defendant, this statute is not directly applicable to the instant case; however, it has implications for interpreting La.Civ.Code art. 3463. Significantly, when the legislature enacted the statute, it expressly provided that "the effect of interruption of prescription as to other persons shall continue." (Emphasis added.) Thus, it appears that it deliberately confirmed La.Civ.Code art. 3463's "interruption of prescription" effects, as the article pertains to private entities.
Also, when the legislature enacted La. Code Civ.P. art. 1672(C) in 1997, it enacted La.R.S. 9:5801, which provides a safeguard against a party who might consider using the filing delays and refilings, without effecting service, as a strategy. It specifies:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.

(Emphasis added).
Bad faith is not an issue in the instant case. In fact, at the hearing on the exception, the Defendants stated that they did not contend that there had been bad faith on Ms. Jacobs' or her counsel's part. And, the trial court, specifically, found no bad faith. Thus, La.R.S. 9:5801 is not a bar, sub judice, to finding an interruption of prescription from July 11, 2000 to December 21, 2000, under La.Civ.Code art. 3463.
The Defendants strongly rely on Bellard v. Lake Charles Mem. Hosp.,[5] an April 2001 case from this court, to support their argument that prescription has run on Ms. Jacobs' second suit. Specifically, they urge that, following Bellard, Ms. Jacob's July 11, 2000 suit was "absolutely null" and without legal effect, since it had never been served; thus, the second suit, which the plaintiff filed more than one year after the accident, had prescribed when she filed it.
In Bellard, on August 2, 1999, the plaintiff filed a medical malpractice suit against a hospital and two doctors and requested that service be withheld. The plaintiff never served the defendants. On November 18, 1999, the defendants filed a motion to dismiss, as well as a rule to show cause on January 6, 2000, both, for failure to serve the defendants within ninety days. On February 13, 2000, the plaintiffs filed a second suit against the defendants, asserting the same facts as in the first one. The defendants responded with an exception of lis pendens, which the trial court granted, dismissing both suits without prejudice. The plaintiff appealed. We held that the trial court erred, reasoning that, since the citation and service of the original lawsuit were never effected, the original lawsuit was "absolutely null."
We decline to follow Bellard, primarily, because we believe that its finding that "[a]bsent citation and service of the pleading pursuant to La.Code Civ.P. art. 1201, all proceedings associated with the pleading `are absolutely null[,]'" impliedly includes the lawsuit itself. This finding, if followed, would nullify the provision in the second sentence of La.Civ.Code art. 3463 as well as La.R.S. 13:5107(D)(3)'s last clause (confirming that prescription is interrupted for private entities), since neither could ever be applied if the interpretation of La.Civ.Code art. 3463 were correct. Furthermore, this interpretation is *862 inconsistent with the tenets of La.Code Civ.P. art. 1672(C), and La.Code Civ.P. art. 1201(A).
In other words, under that interpretation, once 90 days have elapsed without the plaintiff having served the suit, the suit becomes an "absolute nullity." There are at least seven problems this: (1) an absolute nullity's legal effect; (2) the statutory requirement to take action to dismiss; (3) the opportunity to waive the dismissal; (4) the suit's potential survival after 90 days without service; (5) La.Code Civ.P. art. 1201(A); (6) the suit's pending status; and (7) interruption.
An absolute nullity is "an act in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect."[6] This would mean that, at the 90 day mark without service, no suit exists. It is as if it had never been filed. Thus, there would be nothing to dismiss and nothing to continue. Yet, La.Code Civ.P. art. 1672(C) requires that a suit be dismissed when service is not requested within ninety days, and the article allows for the suit's continuation, if good cause is shown why service could not have been requested; La.Code Civ.P. art. 1201(C) and La.R.S. 13:5107(D) provide that dismissal can be waived, permitting the suit to proceed. This implies that there is a suit in existence after 90 days have elapsed without service. However, under Bellard's absolute nullity holding, all of the above provisions would be moot, since there would be no suit to waive or on which to proceed after 90 days. Obviously, if the legislature intended that a suit becomes null and void after 90 days, if there has been no citation and service (the Bellard interpretation), it would not have drafted these other provisions for waiver and continuation of the same suit, since they are inconsistent with Bellard.
Further support for our interpretation, sub judice, lies within La.Code Civ.P. art. 1201(A), which provides that "Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null." (Emphasis added.) When this article is read in pari materia with others, above, on the same subject matter, it is apparent that the legislature intended that "all proceedings" on the suit, not the suit, would be absolutely null without citation and service. Otherwise, again, the other articles and statutes have no force. While "proceedings" encompass "pleadings" (suits) because, generally, without pleadings, there can be no proceeding, "pleadings" and "proceedings" are not synonymous. "Pleadings" are the statement of allegations which gives notice to an opposing party of the allegations against him.[7] "Proceedings" are courts' activities in processing the legal action.[8] Thus, under La. Code Civ.P. art. 1201(A), it is the courts' actions that are absolutely null, not the pleadings, themselves, because, under the law, the "defect" of lack of citation and service can be waived or cured, after which courts can proceed.
Notwithstanding, even with Bellard's interpretation that without citation and service after 90 days, the suit is "absolutely null," Ms. Jacobs must prevail. La.Civ. Code art. 3463 provides that "An interruption of prescription resulting from the filing of a suit ... within the prescriptive period continues as long as the suit is *863 pending." The suit is pending until it is dismissed or, if Bellard were followed, until it dissolves as an absolute nullity. Thus, even if, arguendo, the suit became an absolute nullity after 90 days, under the "interruption" principle, not only does the running of prescription stop, but interruption "annuls the commenced prescription so that after the interruption ceases, a new prescription must commence."[9] Also, because Ms. Jacobs refiled her second suit on the same day as the court dismissed the first one, her suit never ceased to be "pending." Prescription would not run until one year after Ms. Jacobs' first suit was dismissed; her new filing would be within the prescriptive period.
Defendants argue that Ms. Jacobs abandoned her suit because she did not ask for citation and service within 90 days. For the same reasons, which we delineated above, this argument has no merit. Furthermore, without a voluntary dismissal, "abandonment" would not apply for three years, per La.Code Civ.P. art. 561(A):
(1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years [.]
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment[.]
In order to give La.Civ.Code art. 3463 its intended effect, we hold that, since the Plaintiff filed her first suit in a competent court of proper venue; it does not involve a State agency or political subdivision or officer or employee;[10] and there was no bad faith on her part for failure to serve within 90 days,[11] prescription was interrupted and began anew on the last date of interruption, December 21, 2000.[12] Accordingly, the Plaintiffs second filing, on December 21, 2000, was within the newly established prescriptive period. We affirm the trial court's decision.

CONCLUSION
The first suit, filed on July 11, 2000, interrupted prescription until December 21, 2000, based on La.Civ.Code art. 3463. We affirm the trial court's decision, finding that the December 21, 2000 suit had not prescribed, and cast Southern Farm and Mr. Scott with the costs of this appeal.
AFFIRMED.
GREMILLION, J., concurs and assigns written reasons.
GREMILLION, J., concurring.
I agree with the majority opinion, but I write to concur because, in my opinion, Bellard v. Lake Charles Memorial Hospital, 00-1599, 00-1600 (La.App. 3 Cir. 4/4/01), 787 So.2d 1017, is a correct application of the law and inapplicable in the instant case. In Bellard, we were not asked to consider the issue of prescription, instead we were faced with the issue of lis pendens because two identical lawsuits were pending at the same time. We noted that the Legislature used the word "suits" in La.Code Civ.P. art. 531 when setting forth the standard for lis pendens. We then noted that the Louisiana Code of Civil Procedure does not use the term "suit" in describing the commencement of a civil *864 proceeding. Rather, the code speaks of "civil actions," defining that term as "a demand for the enforcement of a legal right," and that in commencing a civil action, one must file "a pleading presenting the demand to a court of competent jurisdiction." Id. at 1019, quoting La.Code Civ.P. art. 421. Relying on La.Code Civ.P. art. 1201, we found that, absent citation and service of a pleading, all proceedings associated with the pleadings "are absolutely null." Id. We then reasoned that, since the plaintiff never effected citation and service of the August 1999 suit, those proceedings were absolutely null and concluded that the provisions of La.Code Civ.P. art. 1672(C), mandating dismissal for lack of service, were nothing more than a recognition of the nullity of the existing action. Id. Having found the August 1999 proceedings to be an absolute nullity, we held that the trial court committed error in holding that lis pendens applied to the February 2000 action.
In the instant matter, the majority takes the position that the pleadings ("the lawsuit itself") in a civil action are not "proceedings" under La.Code Civ.P. art. 1201. I respectfully disagree because, in my opinion, they are. "Proceeding" is a general, broad, and all-inclusive term. Black's Law Dictionary says that "proceedings" are "[i]n a general sense, the form and manner of conducting juridical business." BLACKS LAW DICTIONARY, 1240 (6th ed. 1990). According to Black's Law Dictionary, "proceeding" is the "[r]egular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of the judgment." Id. Further, "proceeding" is defined as follows:
The word maybe used synonymously with "action" or "suit" to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party. The proceedings of a suit embrace all matters that occur in its progress judicially.
Id. Since all possible steps in an action, including "its commencement" and "filing of the complaint," constitutes proceedings, in Bellard, all proceedings in the first lawsuit, including the pleadings as well as the filing of the motion for lis pendens and the hearing and ruling thereon, were absolutely null.
However, in Bellard, we should have been clearer in our analysis and language. We wrote:
Because the August 1999 action was an absolute nullity, it follows that there was no prior suit pending that could be addressed by the exception of lis pendens in the February 2000 action. Thus, we find that the trial court erred in granting the exception of lis pendens.
Bellard, 787 So.2d at 1019. We should have said:
Because the August 1999 action including all of the pleadings, the lawsuit itself, the filing of the motion for lis pendens, as well as the hearing and judgment thereon were an absolute nullity, it follows that there was no lawsuit pending that could be addressed by the exception of lis pendens in the February 2000 action. Thus, we find that the trial court erred in granting the exception of lis pendens.
Because prescription was not an issue in Bellard, we did not continue our analysis and consider La.Code Civ.P. art. 1201 in light of La.Civ.Code art. 3463 and La.R.S. 13:5107(D)(3). In fact, we did not even discuss La.Civ.Code art. 3463. Further, we did not suggest that the suit could not *865 continue past the ninety day mark. Certainly, we were cognizant that the suit could continue if the defendant acquiesced or if good cause was shown.[1]
The legislature amended La.Code Civ.P. art. 1201 in 1997, adding paragraph C providing for the necessity of requesting service of citation within ninety days. It also amended La.Code Civ.P. art. 1672 that same year by adding paragraph C, which provides for involuntary dismissal of the action without prejudice for failure to do so. In that regard, the Legislature has seemingly created a dichotomy between La.Code Civ.P. art. 1201, where, absent citation and service of a civil action, those proceedings are absolutely null, and La. Civ.Code art. 3463, which allows for an interruption of prescription as long as the suit is pending.
La.Civ.Code art. 10 provides that "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La.Civ.Code art. 13 states, "Laws on the same subject matter must be interpreted in reference to each other." It has been held that the meaning and intent of a law is determined by considering the law in its entirety, as well as all other laws on the same subject matter and by placing a construction on the provision in question that is consistent with the expressed terms of the law and the obvious intent of the legislature in enacting it. In Re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122; Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762. In Boyter, the supreme court further held that the statute must be applied and interpreted in a manner which is consistent with logic and the presumed fair purpose and intent of the legislature in passing it; and that it is presumed that the intent of the legislative branch is to achieve a consistent body of law.
Therefore, upon reading La.Code Civ.P. art. 1201(C), La.Code Civ. P. art. 1672(C), La.R.S. 13:5107(D)(3), and La.Civ.Code P. art. 3463 in para materia, I would find that a civil action or suit, while absolutely null under La.Code Civ.P. art. 1201(A), still has the effect of interrupting prescription as long as it is pending in a court of competent jurisdiction in the proper venue. Otherwise, as the majority found, La.Civ.Code art. 3463, as well as the last clause, La.R.S. 13:5107(D)(3), would be rendered meaningless, as neither could ever be applied.
I believe this conclusion is supported by the comments to La.Civ.Code art. 3463, particularly comment B, which states, "According to Louisiana decisions, after being interrupted by the filing of suit in a competent court, prescription is suspended while the suit is pending." The comment further states, "However, it is preferable to speak of a continuous interruption rather than a suspension." Finally, the comment reads, "However, if an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action."
Accordingly, I would find that Bellard is not applicable in this instance and the defendant's reliance on it misplaced; however, in my opinion, the result reached by the majority in this case and its reliance and interpretation of La.Civ.Code art. 3463 is correct.
NOTES
[1] Lewis v. Spence, 00-648 (La.App. 3 Cir. 11/14/00); 772 So.2d 354.
[2] BLACK'S LAW DICTIONARY 6th ed. West 1990.
[3] LeBreton v. Rabito, 97-2221 (La.7/8/98); 714 So.2d 1226.
[4] La.Civ.Code art. 13.
[5] 00-1600 (La.App. 3 Cir. 4/4/01); 787 So.2d 1017.
[6] BLACK'S LAW DICTIONARY (6th 1990).
[7] FRANK L. MARAIST AND HARRY T. LEMMON, LOUISIANA CIVIL LAW TREATISE, 6.1 (1999).
[8] BLACK'S LAW DICTIONARY (6th 1990).
[9] LeBreton, 714 So.2d 1226.
[10] La.R.S. 13:5107.
[11] La.R.S. 9:5801.
[12] See La.Civ.Code art. 3466.
[1] In fact, we mentioned the lack of good cause in Bellard.