11 Judge MIRIAM G. WALTZER.
The relator, Celanese Ltd., seeks review of judgments denying its motions to dismiss petitions filed by four plaintiffs for failure to serve their petitions upon Cela-nese within ninety days of filing suit, as required by LSA-C.C.P. art. 1201(C). A hearing on the motions to dismiss these petitions was held on 14 December 2001, and on 1 February 2002, the trial court *322 issued an amended judgment denying the motions.
STATEMENT OF FACTS
The plaintiffs in 2002-C-0427 are Tracy Reed and her two children. On 1 May 2001, Ms. Reed filed the instant action in First City Court on behalf of herself and her two minor children, Lexus Reed and Ariel Reed, seeking damages for injuries allegedly suffered from exposure to Ethyl Acrylate fumes. The exposure allegedly resulted from a malfunction of a tank car owned by the relator, Celanese, on 7 May 2000, and being operated on a rail track owned by Norfolk-Southern Railway. The plaintiffs petition contained a request to serve each defendant via the Long Arm Statute. However, the citation for the instant case was not actually issued by the Clerk of First City Court until 7 August 2002, and the relator avers | ¿that plaintiffs’ counsel did not mail a copy of the petition and citation via certified mail to its agent for service of process until 13 August 2001. Because the petition, along with the citation, was mailed over one hundred days after the petition was filed, the relator filed a motion to dismiss the case pursuant to La. C.C.P. art. 1201. The trial court denied the motion to dismiss the case. The relator seeks a review of the judgment.
Ms. Kimbrough and Ms. Lecoq filed similar suits on 2 May 2002, and the Clerk issued their citations and certified copies of their petitions on 7 August 2001. Ms. O’Connor filed her suit on 5 May 2001, and the Clerk issued her citation and certified copy of her petition on 7 August 2001.
We requested that counsel for the respondents file a reply to the writ application. However, the reply does not contain any statement explaining why respondents did not ascertain the status of citation so as to insure timely service of the citation and petition on relators.
ANALYSIS
The relator argues that the trial court erred in denying its motions to dismiss because it was undisputed that the plaintiffs failed to serve the relator with the citations and petitions within ninety days of filing their petitions for damages. The trial judge noted the reasons for denying the motion to dismiss in the judgment signed 1 February 2002. More specifically, the court stated that it was denying the relator’s motion to dismiss, “because it was not through the fault of the plaintiffs that the clerk’s office did not timely produce Long-Arm Statute Citations.”
The issue of whether the clerk’s delay in issuing the citation constitutes good cause for serving a defendant untimely was recently addressed by this court in Anderson v. Norfolk Southern Railway Company, et al., 2002-0230 (La.App. 4 Cir. 3/27/02), 814 So.2d 659. The respondent in Anderson is a co-defendant in the instant case, and the two cases arise out of the same incident, i.e. a chemical leak from a tank car on the railroad tracks. In denying the motion to dismiss filed by the relator, Norfolk Southern Railway Company, the trial court in Anderson gave the exact same reasons that it would later give to deny the motions to dismiss filed by the relator in the instant case, i.e. the court found the plaintiff was not at fault because of the clerk’s delay in issuing citation.
This court disagreed with the trial court and held that respondent .had not shown good cause for failing to serve the relator timely. In Anderson, we reviewed the jurisprudence defining good cause for failure to have a petition served on a defendant within ninety days.
Relying primarily upon Hugh Eymard Towing Inc. v. Aeroquip Corp., 2000-131 (La.App. 5 Cir. 6/27/00), 776 So.2d 472, writ denied, 2000-2785 (La.11/27/00), 775 *323 So.2d 1069, this court concluded that service under LSA-R.S. 13:3204, the Long Arm Statute, must be discharged within the ninety day statutory period, and, in the absence of an explanation for its failure to ascertain the status of citation so as to insure service of the citation and petition within the ninety-day statutory period, respondent failed to show good cause for its failure to serve the petition timely. Because the plaintiffs in Anderson did not forward a copy of the citation and petition to the defendant until ninety-three days after suit was filed, this court concluded the trial court erred in failing to dismiss the action. Accordingly this court reversed the judgment of the trial court and dismissed the plaintiffs’ petition without prejudice.
CONCLUSION AND DECREE
For the reasons expressed in Anderson, we grant supervisory writs of certiorari and reverse the judgment of the trial court denying the relator’s motions to dismiss the petitions in these consolidated cases.
WRIT GRANTED; JUDGMENT OF THE TRIAL COURT REVERSED; PETITIONS DISMISSED WITHOUT PREJUDICE.
MURRAY, J., concurs with reasons.