836 So.2d 407 (2002)
Jody and Lora BORDELON, Individually and on Behalf of Their Minor Child, Brandon
v.
MEDICAL CENTER OF BATON ROUGE and Andrew T. Zaruski, M.D.
No. 2001 CA 2164.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
Joseph E. Stockwell, III, Baton Rouge, for Plaintiffs-Appellants Jody and Lora Bordelon, Individually and on behalf of their minor child, Brandon.
Daniel A. Reed, Baton Rouge, for Defendant-Appellee Medical Center of Baton Rouge.
Charles F. Gay, Jr., Ann M. Halphen, Amy C. Lambert, Baton Rouge, for Defendant-Appellee Andrew T. Zaruski, M.D.
*408 Before: WHIPPLE, PARRO, KLINE, JAMES, and PATTERSON, JJ.[1]
PARRO, J.
In this medical malpractice suit, Jody and Lora Bordelon, individually and on behalf of their minor child, Brandon, appeal a judgment maintaining an exception of prescription in favor of defendants, the Medical Center of Baton Rouge and Dr. Andrew T. Zaruski, and dismissing their claims. After a review of the facts and applicable law, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
On December 23, 1995, Brandon Bordelon (Brandon) was taken to the emergency department of the Medical Center of Baton Rouge (Medical Center) due to pain in his left testicle, spine, and legs. The emergency room physician performed a physical examination and found that Brandon's pain increased with movement and that his left testicle was swollen. Various diagnostic tests were run, after which the emergency room physician contacted Dr. Andrew T. Zaruski, a urologist, by telephone to discuss Brandon's condition. Based on the information provided to him, Dr. Zaruski diagnosed Brandon's condition as epididymitis. He advised that Brandon could be discharged with antibiotics and should schedule a visit to his office within five days.
Brandon had an appointment with Dr. Zaruski on December 26, 1995.[2] Additional tests were performed at this time and revealed that there was no blood flow to Brandon's left testicle. Dr. Zaruski informed Brandon's parents that his left testicle was dead and further treatment would be unsuccessful. Dr. Zaruski concluded that an infection had caused swelling in the testicle, which had impeded the blood supply.
On December 28, 1995, Brandon was taken to Dr. Kenneth Blue for a second opinion. Dr. Blue concluded that Brandon was suffering from a necrotic left testicle secondary to an old torsion and recommended immediate scrotal exploration to remove the left testicle and re-position the right testicle. This surgery was performed on December 29, 1995. Pathology studies on the left testicle confirmed that a hemorrhagic infarction consistent with torsion had occurred.
Jody and Lora Bordelon, individually and on behalf of their minor child, Brandon (the Bordelons), filed a medical malpractice suit against the Medical Center and Dr. Zaruski in February 1998, in the 19th Judicial District Court, Parish of East Baton Rouge (the first suit). Service on the defendants was withheld. The Medical Center eventually filed a motion to dismiss this suit, pursuant to Louisiana Code of Civil Procedure article 1672(C),[3] based on the Bordelons' failure to request service as *409 required by Louisiana Code of Civil Procedure article 1201(C).[4]
After a hearing on August 3, 1998, the court granted the motion to dismiss. A judgment to that effect was signed on August 10, 1998, dismissing all claims against the defendants due to the failure to timely request service of citation. However, on August 3, 1998, the same day as the contradictory hearing on the motion and before the judgment was signed, the Bordelons filed a new petition against the Medical Center. This suit (the second suit) was also filed in the 19th Judicial District Court, but Dr. Zaruski was not named as a defendant.
The Medical Center filed an exception raising the objection of prescription in the second suit.[5] The court sustained the exception, stating:
The court is of the opinion that Code of Civil Procedure[6] article 3463 does apply and did not interrupt prescription. It was dismissed because it was not served within 90 days.
The Bordelons appealed this judgment in the second suit. On appeal, this court agreed that, on the face of the petition, the Bordelons' claim had prescribed, and noted that there was insufficient evidence in the record concerning the Bordelons' argument that prescription had been suspended and/or interrupted by other proceedings, including the medical review panel and the first suit. Therefore, this court affirmed in part and reversed in part, stating:
Although plaintiffs urge that prescription was suspended by proceedings before the medical review panel and by a suit filed in the Nineteenth Judicial District Court on February 5, 1998, the record before this court does not contain any evidence pertaining to these earlier legal proceedings. Thus, plaintiffs failed to meet their burden of proof, and the trial court properly sustained defendant's exception of prescription. Accordingly, the judgment sustaining the exception of prescription is affirmed.
Although we conclude that the trial court correctly sustained the exception of prescription, we also must conclude that the trial court erred in failing to give plaintiffs an opportunity to amend their petition. Under the provisions of La. C.C.P. art. 934, when the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. See Higginbotham v. Morris, *410 33,506, p. 6 (La.App.2d Cir.12/8/99), 749 So.2d 840.
In this matter, the judgment sustaining the exception did not provide plaintiffs the opportunity to amend their pleadings. Since it appears that the grounds of the objection may be removed by amendment of the petition, we remand this matter to the trial court to give the plaintiffs a period of time to amend their petition.
Bordelon v. Medical Center of Baton Rouge, 99-0879 (La.App. 1st Cir.5/12/00) (unpublished opinion).
On June 9, 2000, after the second suit was remanded to the district court, the Bordelons amended their petition, pleading facts supporting their claims concerning the suspension and interruption of prescription and adding Dr. Zaruski as a defendant. The Medical Center and Dr. Zaruski filed exceptions raising the objection of prescription. After a hearing, the court again sustained the exceptions and dismissed the Bordelons' claims against both defendants, reasoning:
Failure to serve is to be treated as an absolute nullity. As Black's [Law Dictionary] suggests, a nullity is to be considered as though it never occurred. This is analogous to the treatment of the abandonment provisions.... Here, as with abandonment, an order is not necessary to effectuate the dismissal of the claim. After the 90 day period has passed, by operational (sic) law, the case is deemed dismissed. Although, the plaintiff[s] filed the second suit before the order of dismissal was signed, the case had already been dismissed by operation of law. Thus, the plaintiff[s] cannot take advantage of interruption of prescription. Keeping with the intent of the law, I consider that the initial suit is an absolute nullity. As with abandonment, a nullity is considered never to have occurred. Filing a suit alone, did not interrupt prescription. Without service on the defendants, the lawsuit was an absolute nullity, which does not require a judgment. Therefore, the plaintiff[s'] claim has prescribed, and I'm going to grant this.
The Bordelons appealed, assigning as error the trial court's decision to sustain the peremptory exceptions raising the objection of prescription.

STANDARD OF REVIEW
On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Franklin & Moore v. Gilsbar, Inc., 95-1520 (La.App. 1st Cir.5/10/96), 673 So.2d 658, 660. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96-0159 (La.App. 1st Cir.9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375; O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235, 1238 (La.App. 1st Cir.1990).

ANALYSIS
The Bordelons assert that the district court erred in sustaining the peremptory exceptions raising the objection of prescription brought by the Medical Center and Dr. Zaruski. They contend the exceptions should not have been sustained, because the prescriptive period under Louisiana Revised Statute 9:5628 for filing a medical malpractice cause of action was interrupted while the first suit was pending. Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. See LSA-C.C. art. 3462.[7] An *411 interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. See LSA-C.C. art. 3463. The Bordelons' first suit was filed in a court of competent jurisdiction and proper venue, and the final judgment in that lawsuit was not signed until several days after the second suit was filed. When interruption occurs, prescription begins to run anew from the last day of the interruption. See LSA-C.C. art. 3463; LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, 1229. The Bordelons contend, therefore, that the interruption of prescription resulting from the first suit was in effect at the time the second suit was filed. Consequently, the filing of the second suit while the first suit was pending was within the prescriptive period applicable to their medical malpractice claim.
The Bordelons further argue that the district court misinterpreted the law regarding a dismissal for failure to timely request service on a defendant. The district court's reasoning was based on Louisiana Code of Civil Procedure article 1201(A), which states that service and citation are essential in all civil actions, and without them, all proceedings are absolutely null. The defendants argued, and the district court agreed, that the effect of failing to request service within ninety days was to render the suit an absolute nullity, as if it had never been filed, and that this nullity occurred by operation of law even before the judgment declared it. The court analogized this situation to abandonment of a suit by inactivity over a period of three years, which is operative without formal order.[8] According to this reasoning, the first suit was deemed never to have existed and the plaintiffs could not claim an interruption of prescription during the pendency of that suit. The Bordelons contend the district court erred in analogizing to the abandonment statute, because Article 1672 has no self-executing language comparable to the abandonment statute.
This court must determine whether the district court was legally correct in concluding that failing to request service of citation on a defendant within ninety days of commencing an action renders the entire lawsuit an absolute nullity by operation of law, as if that suit had never been filed. This issue is res nova for this court, but there is jurisprudence from the Third Circuit Court of Appeal that can serve as guidance.[9]
*412 In Bellard v. Lake Charles Mem. Hosp., 00-1599, 00-1600 (La.App. 3rd Cir.4/4/01), 787 So.2d 1017, service was withheld and after ninety days, the defendants brought a motion to dismiss and a rule to show cause, seeking dismissal of the suit under Louisiana Code of Civil Procedure article 1672(C). Before the hearing on the motion, the plaintiffs filed a second suit against the same defendants, asserting the same factual basis for relief. The defendants filed an exception of lis pendens. The two suits were later consolidated, and a hearing was held on both the rule to show cause in the first suit and the exception of lis pendens in the second suit. The district court granted both motions and dismissed both suits without prejudice. The plaintiffs appealed, asserting that the court should have dealt first with the motion to dismiss in the first suit and, if it had done so and dismissed the suit, the exception of lis pendens would have had no merit. On appeal, the court agreed with the plaintiffs' argument and reversed the judgment on the exception of lis pendens. The court's analysis of the situation was similar to the rationale of the district court in the matter we are reviewing, in that the court stated:
In the case before us, the plaintiffs never effected citation and service of the August 1999 suit. Therefore, although they commenced a civil action by filing the August 1999 pleading, that proceeding was "absolutely null" for lack of citation and service. The provisions of La.Code Civ.P. art. 1672(C) mandating dismissal for lack of service are nothing more than a recognition of the nullity of the existing action.
Because the August 1999 action was an absolute nullity, it follows that there was no prior suit pending that could be addressed by the exception of lis pendens in the February 2000 action. Thus, we find that the trial court erred in granting the exception of lis pendens.
Bellard, 787 So.2d at 1019.
However, in a later case directly on point with the matter before us, the Third Circuit Court of Appeal declined to follow Bellard and concluded that without citation and service, it is only the court's actions, "the proceedings," that are absolutely null, not the lawsuit itself; therefore, although the suit had been correctly dismissed for lack of service, prescription was interrupted by that suit, such that a second suit filed the same day as the dismissal was timely. Jacobs v. Louisiana Farm Bureau Ins. Cos., 01-837 (La.App. 3rd Cir.12/19/01), 815 So.2d 858, 861-63, writ denied, 02-0193 (La.3/28/02), 811 So.2d 946.
The court in Jacobs examined related statutes, including Louisiana Revised Statute 9:5801, which was enacted during the same legislative session as Louisiana Code of Civil Procedure article 1672(C). That statute provides:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of *413 citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue. (Emphasis added).
This statute clearly states that even when a defendant is dismissed from a suit because service of citation was not timely requested, absent a finding of bad faith, prescription is still interrupted during the pendency of a suit filed in a court of competent jurisdiction and venue. Cf. Futrell v. Cook, 00-2531 (La.App. 4th Cir.12/19/01), 805 So.2d 325.
Another statute examined by the court in Jacobs was Louisiana Revised Statute 13:5107(D), which sets out the rules for service of process when the state, a state agency, a political subdivision, or any officer or employee thereof is named as a party. Those rules are exactly the same as the requirements for any other defendant, with one exception in subsection (3), as follows:
When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof: however, the effect of interruption of prescription as to other persons shall continue. (Emphasis added).
This subsection, which provides additional protection to the named categories of governmental defendants, would be totally unnecessary if, as the district court found in the case we are reviewing, any suit that is dismissed for failure to timely request service of citation were absolutely null, as if it had never existed. The wording of this statute supports the conclusion that such a suit, if filed in a court of competent jurisdiction and venue, does interrupt prescription while it is pending.
Additionally, as the Jacobs court also noted, the second sentence of Louisiana Civil Code article 3463 states certain conditions under which interruption is considered never to have occurred, those being when the plaintiff abandons the suit, voluntarily dismisses it, or fails to prosecute it at trial. See Batson v. Cherokee Beach & Campgrounds, Inc., 530 So.2d 1128 (La. 1988). The article does not include as one of those conditions the failure to timely request service under Louisiana Code of Civil Procedure article 1201.
The Jacobs court found further support for its interpretation in the wording of Article 1201(A), which provides that without citation and service in a civil action, "all proceedings" are absolutely null, stating:
When this article is read in pari materia with others ... on the same subject matter, it is apparent that the legislature intended that "all proceedings" on the suit, not the suit, would be absolutely null without citation and service. Otherwise ... the other articles and statutes have no force. While "proceedings" encompass "pleadings" (suits) because, generally, without pleadings, there can be no proceeding, "pleadings" and "proceedings" are not synonymous. "Pleadings" are the statement of allegations which gives notice to an opposing party of the allegations against him. "Proceedings" are courts' activities in processing the legal action. Thus, under La.Code Civ.P. art. 1201(A), it is the courts' actions that are absolutely null, not the pleadings, themselves, because, under the law, the "defect" of lack of citation and service can be waived or *414 cured, after which courts can proceed. (Footnotes omitted).
Jacobs, 815 So.2d at 862.
We find the analysis and conclusions of the Jacobs court persuasive. The first suit filed by the Bordelons was filed in a competent court in the proper venue within the prescriptive period. The interruption of prescription resulting from its filing continued as long as that suit was pending. As such, the filing of the second suit before the first suit was dismissed was timely. We note that, had there been any proceedings in the first suit against the defendants, those proceedings, including any judgment obtained, would have been absolutely null. See e.g., In re Justice of the Peace Landry, 01-0657 (La.6/29/01), 789 So.2d 1271, 1277 (default judgment rendered without proper citation and service was an absolute nullity); Succession of Barron, 345 So.2d 995, 997 (La.App. 2nd Cir.1977) (default judgment against administratrix of succession was absolutely null, but the case itself was not dismissed as absolutely null and was remanded for further proceedings against her).
We find further support for this determination in the structure of Louisiana Civil Code articles 3462 and 3463, both of which set out two alternative mechanisms for interrupting the running of prescription as to a specific defendant. According to those articles, prescription is interrupted either by filing suit in a court of competent jurisdiction and venue or by service on the subject defendant within the prescriptive period. Under the district court's reasoning in this case, prescription could only be interrupted by filing suit in a court of competent jurisdiction and venue and by requesting service on the defendant within ninety days of such filing.
In addition, we agree with the Bordelons that the dismissal for failure to serve is not analogous to abandonment, which occurs without formal order if the parties fail to take any step in the prosecution or defense of an action in the trial court for a period of three years. See LSA-C.C.P. art. 561(A)(2). The dismissal in an abandonment situation is ordered as of the date of the abandonment, thus recognizing what has already occurred. See LSA-C.C.P. art. 561(A)(2). Notice and an opportunity to be heard is provided to the party whose action has been dismissed only after the dismissal has been ordered by the court. In contrast, Article 1672(C) requires a contradictory hearing before the dismissal and has no self-executing language.
We note also that the conclusion we reach on this appeal was implicit in this court's judgment when this issue was before it on the earlier appeal. At that time, the plaintiffs had not pled or provided evidence of the filing of the first suit; therefore, the lawsuit was prescribed on its face, and they had failed to meet their burden of proof that it had not prescribed. However, we remanded the suit, because it appeared that the grounds of the objection might be removed by amendment of the petition. Had we believed at that time that the first suit was an absolute nullity, as if it had never been filed, because the Bordelons had failed to request service within ninety days of filing, we would not have remanded, because amendment of the petition could not have corrected that situation.
Accordingly, we reverse the judgment of the district court, which sustained the exceptions raising the objection of prescription and dismissed the plaintiffs' claims, and remand the case for further proceedings.
The Bordelons also seek a determination from this court that the amended petition for damages in the second suit that added Dr. Zaruski as defendant meets the criteria *415 set out in Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La.1983),[10] and thus relates back to the date of filing of the original petition in the second suit. However, we find it unnecessary to reach this issue, because the district court should first have the opportunity to address the question of whether Dr. Zaruski and the Medical Center are solidarily liable or are joint tortfeasors under the law applicable to this case. Accordingly, we pretermit that issue.

CONCLUSION
The judgment, which sustained the exceptions raising the objection of prescription and dismissed the suit, is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal are to be split equally between the Medical Center and Dr. Zaruski.
REVERSED AND REMANDED.
PATTERSON, J., dissents with reasons.
PATTERSON, J., dissenting.
I do not agree with the majority opinion, which concluded prescription was interrupted when the Bordelons' filed their first suit but failed to serve the defendants, because the first suit was "pending" when the second suit was filed and therefore, the Bordelons' were within the applicable prescriptive period when the second suit was filed. Louisiana Code of Civil Procedure article 1201 establishes that service and citation are essential in all civil actions, and lack of such renders all proceedings in such an action absolutely null. See La. C.C.P. art. 1201(A). The Bordelons failed to timely serve the defendants within the ninety days mandated by Article 1201(C). Consequently, I cannot agree with the majority's reasoning that prescription was interrupted and respectfully dissent.
The majority finds that the Bordelons failure to serve the defendants in the first suit could not be absolutely null and of no effect. The filing of a pleading merely commences a civil action. Absent citation and service of the pleading pursuant to Article 1201, all proceedings associated with the pleading "are absolutely null." See La. C.C.P. art. 1201(C). Article 1201 states that service of the citation must be requested on all named defendants within ninety days of bringing the action. Article 1201(C) clearly mandates such service and citation by providing service of the citation shall be requested on all named defendants within ninety days of commencement of the action. The Bordelons did not request service on the Medical Center or Dr. Zaruski within ninety days of filing the first suit and thus, it is of no effect because it is absolutely null. Therefore, there can be no interruption of prescription through the filing of the first suit when the second suit was filed.
While Louisiana Code of Civil Procedure articles 1201 and 1672 do not have self-executing language, like the abandonment *416 article,[1] which deems the matter dismissed without a formal order of the court, Article 1672 does provide a mechanism to obtain dismissal of the suit for a party who has been sued, but on whom service was not requested within the ninety days required in Article 1201. Article 1672(C) requires that a contradictory hearing be held in which the party who failed to request service must show good cause why service was not effected on the defendant. Due to the Bordelons' failure to request service on the defendants within ninety days of commencing the original action, the Medical Center and Dr. Zaruski filed a motion to dismiss. See La. C.C.P. art. 1672(C).[2] At the contradictory hearing, the Bordelons had an opportunity to set forth good cause for failing to serve the Medical Center and Dr. Zaruski[3] or provide proof of a waiver of service.[4] However, the Bordelons failed to meet their burden and the motion for dismissal was granted.
The majority chooses to rely on Jacobs v. Louisiana Farm Bureau Ins. Cos., 01-837 (La.App. 3 Cir. 12/19/01), 815 So.2d 858, writ denied, 02-0193 (La.3/28/02), 811 So.2d 946 to support its conclusion. In my opinion, the Jacobs case uses procedurally inapplicable statutes to formulate the conclusion that prescription is interrupted when a suit is filed in a court of competent jurisdiction and venue, but service is not effected within ninety days of filing suit. The statutes relied upon in Jacobs concern joint tortfeasors (La.C.C. art. 2324(C)) and the state or a political subdivision as defendant (La. R.S. 13:5107(D)), and have no application to this current matter. The Louisiana legislature did, however, address this matter directly when it enacted Article 1201 and clearly provided that without service and citation, all proceedings are absolutely null. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Therefore, there is no need to look to these outside articles to interpret Article 1201.
Moreover, while the Jacobs case did not overrule Bellard and simply disagreed with its reasoning, the majority chose not to follow Bellard. The Bellard case correctly *417 held that the provisions of Article 1672(C) mandating dismissal for lack of service are nothing more than recognition of the nullity of the existing action. Bellard v. Lake Charles Memorial Hospital, XXXX-XXXX, XXXX-XXXX (La.App. 3 Cir. 4/4/01), 787 So.2d 1017, 1019.
Finally, this court's conclusion that prescription is interrupted simply by filing a petition, without timely service and citation, allows the Bordelons another year to file their suit against the defendants,[5] and potentially allows the Bordelons and any other party who fail to abide by Article 1201 the ability to prolong the resolution of a cause of action indefinitely, an absurd consequence. This conclusion renders Article 1201 meaningless. The first suit did not interrupt prescription, because the first suit was absolutely null. An absolute nullity has no effect and cannot interrupt prescription. Accordingly, the second suit filed by the Bordelons on August 3, 1998, was untimely, because prescription had run.
I respectfully dissent.
NOTES
[1] Judge William F. Kline, Jr., retired, Judge A. Clayton James, retired, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] The petition identifies the date of this visit as December 26, 1996, but other facts in the record make it clear that this was a typographical error.
[3] A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. LSA-C.C.P. art. 1672(C).
[4] Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this paragraph by any written waiver. LSA-C.C.P. art. 1201(C).
[5] According to Louisiana Revised Statute 9:5628, the prescriptive period in a medical malpractice claim is:

one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
The filing of a request for review of a claim with the Medical Review Panel suspends the time within which suit must be initiated. See LSA-R.S. 40:1299.47(A)(2)(a).
[6] The court mistakenly referred to Louisiana Code of Civil Procedure article 3463; Louisiana Civil Code article 3463 is the correct article concerning the duration of an interruption of prescription.
[7] Article 3462 further states that if the action is commenced in an incompetent court or one of improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
[8] Louisiana Code of Civil Procedure article 561(A)(1) states that, with certain exceptions applicable only to succession proceedings, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Article 561(A)(2) states, in pertinent part:

This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
[9] In addition to the Third Circuit cases discussed, there are a number of reported cases dealing with the threshold question of whether the lower court should have dismissed the claims when there was no request for service within ninety days of the filing of the petition. All of these cases answered this question in the affirmative, noting in some of the cases that there was no good cause shown for the failure to seek service and no express written waiver. See, e.g., Vicedomini v. Pelts & Skins, 01-2268 (La.App. 1st Cir.2/15/02), 808 So.2d 867, writ denied, 02-0813 (La.5/24/02), 816 So.2d 850; Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc., 32,783 (La. App. 2nd Cir.3/1/00), 754 So.2d 336; Barrow v. Fair Grounds Corp., 00-0873 (La.App. 4th Cir.3/7/01), 782 So.2d 697, writ denied, 01-0827 (La.5/11/01), 792 So.2d 737; Anderson v. Norfolk Southern Railway Co., 02-0230 (La. App. 4th Cir.3/27/02), 814 So.2d 659, writ denied, 02-1396 (La.9/20/02), 825 So.2d 1169, reconsideration not considered, 02-1396 (La.11/1/02), 828 So.2d 577; Reed v. Norfolk-Southern Railway, 02-0427 (La.App. 4th Cir.4/24/02), 817 So.2d 321, writ denied, 02-1452 (La.9/20/02), 825 So.2d 1171; Bolner v. Daimler Chrysler Corp., 01-1285 (La.App. 5th Cir.6/26/02), 820 So.2d 1252, writ denied, 02-2263 (La.11/15/02), 829 So.2d 430. However, none of these cases dealt with the interruption of prescription and nullity issues that we are considering in this case.
[10] According to Ray, the following criteria are used to determine whether Louisiana Code of Civil Procedure article 1153 allows an amendment, which changes the identity of the party or parties sued, to relate back to the date of filing of the original petition: (1) the amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) the purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action, which otherwise would have prescribed. Ray, 434 So.2d at 1086-87.
[1] La. C.C.P. art. 561 provides, in pertinent part:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
[2] A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. La. C.C.P. art. 1672(C).
[3] La. C.C.P. art. 1672(C).
[4] La. C.C.P. art. 1201(B).
[5] If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption. La. C.C. art. 3466.