JjGRISBAUM, Chief Judge.
Plaintiff-appellant, Hugh Eymard Towing Co., Inc., appeals the trial court’s judgment dismissing its claims against Aero-quip Corporation, defendant-appellee, for failure to comply with La. Code Civ. P. art. 1201(C). We affirm.

ISSUE

We are called on to determine whether La.Code Civ. P. art. 1201(C) requires the plaintiff to merely request service or to attempt service when the defendant is a non-resident and jurisdiction is exercised under La. R.S. 13:3201.

\ .FACTS AND PROCEDURAL HISTORY

This appeal arises from a redhibition lawsuit filed by Hugh Eymard Company, Inc. (hereinafter “Eymard”) against Aero-quip Corporation (hereinafter “Aeroquip”). The redhibition suit involves damage to a vessel owned by Eymard, the M/V TODD MICHAEL. The damage was allegedly caused by a defective bearing system kit manufactured by Aeroquip. The alleged date of the kit’s failure is March 17, 1998. Eymard filed suit on April 1, 1998; however, it specifically requested that service be withheld. On June 10, 1998, Eymard’s counsel requested the Clerk of Court of the Twenty-fourth Judicial District to issue service. The summons was prepared and sent to Eymard’s counsel. The summons states that, “This service was requested by attorney Stanley J. Cohn and was issued by the Clerk of Court on the 10 day of June, 1998.” Important, however, is that to serve a non-resident defendant under La. R.S. 13:3201, as here, plaintiffs counsel or plaintiff must send the defendant a certified copy of the citation and of the petition by registered or certified mail or actually deliver the citation and petition by commercial courier. Plaintiffs counsel did *473 not mail the citation and petition to Aero-quip until July 6, 1999. Thus, the plaintiff did not mail the citation until more than ninety days after commencement of the action.
The defendant filed a motion to dismiss alleging that the plaintiff had failed to comply with La.Code Civ. P. art. 1201(C), which requires that service be requested within ninety days of commencement of an action. The trial court granted defendant’s motion and dismissed plaintiffs claims with prejudice. Plaintiff appeals this judgment.

LAW AND ANALYSIS

Eymard, the appellant, contends that the trial court misinterpreted La.Code Civ. P. art. 1201(C) in finding that it was required to mail the citation and petition within ninety days of commencement of the action. We disagree.
I La. Code Civ. P. art. 1201(C) provides:
C. Service of the citation shall be requested, on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
(Emphasis added). In suits, where the defendant is a Louisiana resident, once service is requested the Clerk of Court issues the citation and petition to the defendant. In suits, however, where the defendant is a non-resident and jurisdiction is exercised under the long-arm statute (La. R.S. 13:3201), the citation and petition is issued to the plaintiff. Under La. R.S. 13:3204 A, it is the plaintiffs responsibility to mail, by certified or registered mail, the citation and petition to the defendant. This statute states,
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
The purpose of requiring that service be requested within ninety days of the suit’s commencement is to insure that the defendant receive notice of the suit within a reasonable time after it has been commenced. This also gives the defendant the opportunity to preserve evidence for its defense. In the situation in which the plaintiff must serve the non-resident defendant, if the plaintiff was only required to request the citation and petition from the Clerk of Court and was not required to mail it within the ninety days, the purpose of La.Code Civ. P. art. 1201 would be thwarted. Plaintiffs could delay serving non-resident defendants by not mailing the citation and petition. Moreover, non-resident defendants [4would be prejudiced in preparing their defense. Thus, we find that when it is the plaintiffs obligation to issue a certified copy of the citation and petition to the defendant, under La. R.S. 13:3204, the plaintiff must mail the citation and petition within ninety days of commencement of the action. In a La. R.S. 13:3204 situation, the plaintiffs mere request for service to the Clerk of Court is insufficient because in actuality this is merely a request that the certified copy of the citation and petition be issued to the plaintiff. From here, the plaintiff has control over when the non-resident defendant receives notice of the claims against it. Accordingly, we find that, here, the appellant failed to comply with La.Code Civ. P. art. 1201(C) by not mailing the citation and petition to the appellee within ninety days of commencement of the action. Ergo, we *474 find no error in the trial court’s dismissal of plaintiffs claims against the defendant.
For the reasons assigned, we affirm the trial court’s judgment. Each party shall bear its own appeal costs.

AFFIRMED.