772 So.2d 354 (2000)
Linda Kay LEWIS
v.
David L. SPENCE, M.D.
No. 00-648.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
David Richard Sobel, Provosty, Sadler & deLaunay, Alexandria, LA, Counsel for Defendant/Appellee.
Julie Rene Wilkerson, Gravel, Cespive & Wilkerson, Alexandria, LA, Counsel for Plaintiff/Appellant.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge MARC T. AMY and Judge MICHAEL G. SULLIVAN).
*355 AMY, Judge.
Plaintiff's suit was involuntarily dismissed for failure to request service of process upon the defendant within ninety days of filing the petition. The plaintiff appealed. For the following reasons, we affirm.

Factual and Procedural Background
On December 14, 1998, the plaintiff, Linda Kay Lewis, filed a petition for damages against the defendant, Dr. David L. Spence, alleging a claim for medical malpractice. Indicated on the petition was a notice to "withhold service" at that time. Thereafter, on April 28, 1999, the plaintiff requested service of process be made on the defendant. Service was effected on April 30, 1999. On May 12, the defendant filed a motion to dismiss the action due to the plaintiff's failure to request service upon him within 90 days of filing the petition as required by La.Code Civ.P. art. 1672(C). In the opposition to the motion to dismiss, the plaintiffs counsel stated that she withheld service at filing so that she could discuss the action with the plaintiff to confirm her desire to proceed with the suit. Thereafter, through "inadvertence and mistake or excusable neglect, the service time delay was not calendered." Service was requested when counsel realized through a review of her files that service had not been made. Thus, counsel alleged, that inadvertence and mistake or excusable neglect in this case constituted "good cause" as to why the motion to dismiss should be denied. After considering the argument presented by the plaintiff, the trial court granted the defendant's motion and dismissed the plaintiffs cause of action without prejudice. In this appeal, plaintiff alleges that the trial court erred in granting the motion to dismiss.

Discussion of the Merits
Plaintiff alleges that the trial court erred in failing to find that she had shown good cause as to why service of process had not been made on the defendant within the ninety day prescriptive period. La. Code Civ.P. art. 1672(C) states:
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
The plaintiffs counsel explains in the brief to this court, that:
Service was not requested at filing to enable counsel to discuss the action with the appellant and to confirm her desire to proceed. Through inadvertence, the service time delay was not calendered. Counsel avers that the inadvertence and mistake or excusable neglect in this case in failing to request the service within the ninety (90) days constitutes good cause, especially where the relief requested is dispositive of the case.
After review, we find the trial court did not err by determining that the allegations of mistake and inadvertence by plaintiffs counsel, in failing to request service of process upon the defendant, was not a sufficient basis for finding good cause in order to prevent dismissal. Accordingly, we conclude there is no error in the trial court's judgment dismissing the plaintiffs cause of action without prejudice.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to the plaintiff, Linda Kay Lewis.
AFFIRMED.