791 So.2d 1283 (2001)
Corey NORBERT
v.
Connie LOUCKS and the Estate of Fred C. Loucks.
No. 2001-CC-1229.
Supreme Court of Louisiana.
June 29, 2001.
*1284 PER CURIAM[*].
On May 13, 1998, plaintiff, Corey Norbert, filed the instant petition for damages against defendants, Connie Loucks and the Estate of Fred C. Loucks, alleging he slipped and fell on stairs in a building owned, operated and/or managed by defendants. The service instruction on the petition stated: "PLEASE SERVE: FRED C. LAUCKS [sic], 3107 Havana Street, New Orleans, LA."[1] However, no service was requested on Connie Loucks.
Subsequently, plaintiff retained new counsel. On September 27, 2000, plaintiff filed a supplemental and amending petition adding St. Paul Reinsurance Co. as a defendant. At this time, service was requested on all defendants, including Ms. Loucks.[2]
On October 31, 2000, defendants filed a motion to dismiss plaintiffs petition, on the ground that plaintiff failed to serve them within ninety days of the filing of the original petition, as required by La.Code *1285 Civ. P. art. 1201(C).[3] Defendants therefore requested that plaintiffs petition be dismissed without prejudice pursuant to La.Code Civ. P. art. 1672(C).[4]
Plaintiff filed an opposition to the motion to dismiss. Plaintiff explained that when he initially filed the petition, his prior attorney did not know the whereabouts of Ms. Loucks, and therefore attempted to make service at the last known address of Fred Loucks. After plaintiff retained new counsel, he contended his counsel learned that Ms. Loucks' name was in fact Cornelia Loucks rather than Connie Loucks and was therefore able to determine her address and make service on her.
After a hearing, the district court denied defendants' motion to dismiss, without assigning written reasons. Defendants sought supervisory relief in the court of appeal, which was denied. This application followed.
Pursuant to La.Code Civ. P. art. 1201(C), "[s]ervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action." [emphasis added]. If service is not requested within the time period provided by La.Code Civ. P. art. 1201(C), La.Code Civ. P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested."
"Good cause" is not defined in La.Code Civ. P. art. 1672(C). However, the appellate courts have concluded that mere confusion regarding a party's correct name or inadvertence in requesting service on the part of the plaintiffs counsel is not a sufficient basis for good cause. See Patterson v. Jefferson Davis Parish School Board, 00-0580 (La.App. 3rd Cir.12/6/00), 773 So.2d 297; Lewis v. Spence, 00-0648 (La.App. 3rd Cir.11/2/00), 772 So.2d 354.
In the instant case, plaintiffs sole explanation for failure to request service within ninety days of the filing of the petition is that his former attorney was unaware of the location of Ms. Loucks. Plaintiff does not contend that Ms. Loucks' address could not be ascertained or that Ms. Loucks willfully made efforts to conceal her location. In fact, within two months of being retained, plaintiffs new counsel was able to determine Ms. Loucks' address and request service upon her. Under these circumstances, we find plaintiff failed to make a showing that good cause existed for his failure to request service within ninety days of the commencement of the action.
Accordingly, the writ is granted. The judgment of the district court is reversed. Judgment is rendered in favor of defendants, dismissing plaintiffs suit without prejudice pursuant to La.Code Civ. P. art. 1672(C).
JOHNSON, J., would deny the writ.
*1286 CALOGERO, C.J., would grant and docket to have this Court make a more studied examination of what constitutes "good cause" under La.Code Civ. Proc. art. 1672(C). Otherwise, I would deny, deferring to the district court's discretion in determining that good cause existed in this case for the plaintiff's failure to request service within the time prescribed by La. Code Civ. Proc. art. 1201(C).
NOTES
[*] Retired Judge Robert L. Lobrano participated in this decision as Associate Justice Pro Tempore.
[1] As defendants point out, it is inexplicable why plaintiff requested service on Mr. Loucks individually, because they acknowledged in their petition that he was deceased.
[2] Ms. Loucks was served individually and as representative of the Estate of Fred Loucks at her address of 3113 Topside Road, Knoxville, TN 37920.
[3] La.Code Civ. P. art. 1201(C) provides:

C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
[4] La.Code Civ. P. art. 1672(C) provides:

C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.