814 So.2d 659 (2002)
Wilda ANDERSON, et al.
v.
NORFOLK SOUTHERN RAILWAY COMPANY, et al.
No. 2002-C-0230.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 2002.
Rehearing Denied April 16, 2002.
*660 Richard J. Garrett, The Law Office of Richard J. Garrett, New Orleans, LA, for Plaintiffs/Respondents.
Benjamin R. Slater, III, Mark E. Van Horn, Cory R. Cahn, Slater Law Firm, New Orleans, LA, for Defendant/Relator.
Charles M. Pisano, Barkley & Thompson, L.C., New Orleans, LA, for Celanese Ltd.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER and Judge TERRI F. LOVE.
WALTZER, Judge.

STATEMENT OF THE CASE
Defendant/relator Norfolk Southern Railway Company ("Relator") seeks supervisory review of a trial court judgment denying its motion to dismiss the petition filed by plaintiffs because the plaintiffs failed to serve the relator within 90 days of the date the petition was filed, as required by La. C.C.P. art. 1201(C).

STATEMENT OF FACTS
On 4 May 2001, plaintiffs sued relator and others in First City Court stating claims of personal injury and property damage allegedly resulting from a 7 May 2000 chemical leak from a railway tank car docked in Orleans Parish. At the time plaintiffs' counsel filed suit, he requested service upon the relator via the long arm statute. On 6 August 2001, ninety-three days after suit was filed, plaintiffs' counsel forwarded a copy of the citation and petition for damages to relator, via certified mail.
On 15 August 2001, relator filed a motion to dismiss arguing that because plaintiffs failed to effect service of process within ninety days of filing suit, La. C.C.P. art. 1201(C) mandates that the suit be dismissed.
Plaintiffs responded to the motion to dismiss conceding that long-arm service of process was not effected within the ninety-day statutory period. However, plaintiffs' counsel averred that despite his request for issuance of long-arm citation in May 2001, the clerk's office did not forward the citation to him. Moreover, counsel stated that he did not discover the clerk's error until he inquired of the clerk's office as to the status of the citation, three days after the time limitation imposed by La. C.C.P. art. 1201(C) had run. Consequently, counsel invokes the "good cause" exception of C.C.P. art. 1672(C) to excuse his inability to serve relator within the ninety-day statutory period. Counsel further points out that although there is a notation in the record of this matter, presumably from an unidentified employee of the clerk's office, indicating that the long-arm citation was mailed to counsel on 11 May 2001, he did not receive it. In opposition to the motion, plaintiffs' counsel offered the affidavit of his employee, who attested that she personally inspected the record in this matter and saw the hand-written notation, which indicated citations were mailed to plaintiffs' counsel on 11 May 2001. However, according to her affidavit, she also discovered that there were no copies of the citations in the file. She also noticed that the original conformed copies which she left with the clerk's office when she filed the petition were still in the clerk's file. According to her affidavit, these copies would have been attached to the citations had the clerk's office, in fact, mailed out the citations.
*661 Following a hearing on the motion, the trial court ruled that the relator's motion to dismiss should be denied because it was not through the fault of the plaintiffs that the clerk's office did not timely produce Long Arm Statute Citations.

ANALYSIS
La. C.C.P. art. 1201(C) provides in pertinent part that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." If service is not requested within the time period provided by La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested."
In Hugh Eymard Towing, Inc. v. Aeroquip Corp., 2000-131 (La.App. 5 Cir. 6/27/00), 776 So.2d 472, plaintiff filed suit on 1 April 1998, and on 10 June 1998 requested that the clerk of court issue citations for service on the defendant via the long-arm statute. The clerk's office prepared and sent the summons to plaintiffs counsel; however, counsel did not mail the citation and petition to defendant until 6 July 1999, more than ninety days after commencement of suit. The defendant filed a motion to dismiss on the basis of La. C.C.P. art. 1201(C), which the trial court granted. The plaintiff appealed the dismissal, and the Fifth Circuit affirmed the lower court, stating:
In suits, where the defendant is a Louisiana resident, once service is requested the Clerk of Court issues the citation and petition to the defendant. In suits, however, where the defendant is a non-resident and jurisdiction is exercised under the long-arm statute (La. R.S. 13:3201), the citation and petition is issued to the plaintiff. Under La. R.S. 13:3204 A, it is the plaintiff's responsibility to mail, by certified or registered mail, the citation and petition to the defendant. This statute states,
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
The purpose of requiring that service be requested within ninety days of the suit's commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced. This also gives the defendant the opportunity to preserve evidence for its defense. In the situation in which the plaintiff must serve the non-resident defendant, if the plaintiff was only required to request the citation and petition from the Clerk of Court and was not required to mail it within the ninety days, the purpose of La.Code Civ. P. art. 1201 would be thwarted. Plaintiffs could delay serving non-resident defendants by not mailing the citation and petition. Moreover, non-resident defendants would be prejudiced in preparing their defense. Thus, we find that when it is the plaintiffs obligation to issue a certified copy of the citation and petition to the defendant, under La. R.S. 13:3204, the plaintiff must mail the citation and petition within ninety days of commencement of the action. In a La. R.S. 13:3204 situation, the plaintiffs mere request for service to the Clerk of *662 Court is insufficient because in actuality this is merely a request that the certified copy of the citation and petition be issued to the plaintiff. From here, the plaintiff has control over when the nonresident defendant receives notice of the claims against it. Accordingly, we find that, here, the appellant failed to comply with La.Code Civ. P. art. 1201(C) by not mailing the citation and petition to the appellee within ninety days of commencement of the action. Ergo, we find no error in the trial court's dismissal of plaintiff's claims against the defendant.
p. 3-4, 775 So.2d at 473. [Emphasis added.]
Thereafter, plaintiff sought supervisory writs from the Supreme Court, which ruled: "Denied. Result correct." Hugh Eymard Towing, Inc. v. Aeroquip Corp., 2000-2785 (La.11/27/00), 775 So.2d 1069.
In Lewis v. Spence, XXXX-XXXX (La.App. 3 Cir. 11/2/00), 772 So.2d 354 writ not considered XXXX-XXXX (La.1/26/01), 781 So.2d 1254, the Third Circuit concluded that no "good cause" existed for failing to timely request service of process on a defendant, and thus the action should be dismissed. In that case, plaintiffs counsel stated that she withheld service at filing so that she could discuss the action with plaintiff to confirm her desire to proceed with suit, that through "inadvertence and mistake or excusable neglect, the service time delay was not calendered", and that service was requested when counsel realized through a review of her files that service had not been made, citing La. C.C.P. art. 1672(C).
In Young v. Roth, et al., 2001-2151 (La.11/9/01), 800 So.2d 374, the Supreme Court granted a defendant's writ application and, per curiam, reversed the trial court's denial of the defendant's motion for involuntary dismissal under La.C.C.P. art. 1672(C), stating:
While plaintiff's counsel produced evidence showing she was out of town for medical reasons for approximately two weeks immediately prior to the expiration of the ninety day period for requesting service, and was in court on the entire day of the deadline, she has not shown any reason why she was prevented from requesting service within the first two months of the ninety day period. Plaintiffs counsel's request of service one day after the ninety-day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does not constitute good cause. [Citation omitted] Accordingly, the writ is granted. The judgment of the trial court is reversed, and relator's motion for involuntary dismissal under La.Code Civ. P. art. 1672(C) is granted. P. 1, 800 So.2d at 374-75.
In Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283, the plaintiff filed a damage suit on 13 May 1998, against Connie Loucks and the Estate of Fred C. Loucks. The service instruction on the petition stated: "PLEASE SERVE: FRED C. LAUCKS [sic], 3107 Havana Street, New Orleans, LA." No service was requested on Connie Loucks. Subsequently, plaintiff retained new counsel, and on 27 September 2000, plaintiff filed a supplemental and amending petition naming St. Paul Reinsurance Company as an additional defendant. At that time, plaintiff requested service on all defendants, including Ms. Loucks. On 31 October 2000, defendants filed a motion to dismiss the plaintiffs petition pursuant to La.C.C.P. art. 1672(C), on the grounds that plaintiff failed to serve them within ninety days of the filing of the original petition, as required by La.C.C.P. art. 1201(C). Defendants requested that plaintiffs petition be dismissed without prejudice. Plaintiff *663 opposed the motion to dismiss, invoking the "good cause" exception of La. C.C.P. art. 1672(C), explaining that when he initially filed the suit, his prior attorney did not know Ms. Loucks' whereabouts, and therefore attempted to make service at the last known address of Fred Loucks. However, after plaintiff retained new counsel, he contended his counsel learned that Ms. Loucks' name was in fact Cornelia Loucks rather than Connie Loucks and was therefore able to ascertain her address and make service upon her. After a hearing, the district court denied defendants' motion to dismiss, without assigning written reasons. Defendants sought supervisory relief from this Court, which was denied. The Supreme Court, however, granted writs and rendered judgment in favor of the defendants. While the Norbert case noted that "good cause" remains undefined in the statutes and jurisprudence, it also noted that inadvertence in requesting service on the part of the plaintiffs counsel is not a sufficient basis for good cause. P. 3, 791 So.2d at 1285, citing Patterson v. Jefferson Davis Parish School Board, XXXX-XXXX (La.App. 3 Cir. 12/6/00), 773 So.2d 297; Lewis v. Spence, XXXX-XXXX (La.App. 3 Cir. 11/2/00), 772 So.2d 354. The Supreme Court dismissed the plaintiffs suit without prejudice, holding:
... plaintiff's sole explanation for failure to request service within ninety days of the filing of the petition is that his former attorney was unaware of the location of Ms. Loucks. Plaintiff does not contend that Ms. Loucks' address could not be ascertained or that Ms. Loucks willfully made efforts to conceal her location. In fact, within two months of being retained, plaintiffs new counsel was able to determine Ms. Loucks' address and request service upon her. Under these circumstances, we find plaintiff failed to make a showing that good cause existed for his failure to request service within ninety days of the commencement of the action.
791 So.2d at 1285.
More recently, in The Travelers Insurance Company, et al v. Jefferson Insurance Company of New York, et al, No. 2001-C-1098 (La.App. 4 Cir. 7/2/01)(unpub.) this Court denied writs to review the trial court's denial of the defendant's motion to dismiss. In that case, Travelers filed four suits for property damage stemming from a fire. The four suits were later consolidated. The defendant filed a motion to dismiss two of the four consolidated cases, arguing that Travelers failed to make service upon the defendant within the ninety-day period mandated by C.C.P. art. 1201. Travelers invoked the C.C.P. art. 1672(C) "good cause" exception to excuse its failure to make timely service, averring that faulty information supplied by a property owner prevented service of citation at the time suit was filed and for a considerable time thereafter. Furthermore, Travelers pointed out that inasmuch as the defendant was aware it had been named a defendant in two of the four cases, and, in fact, participated in depositions and initiated scheduling of discovery in those other cases, the defendant could not show any prejudice from non-service of citation in the two cases it sought to dismiss. The Supreme Court granted writs and reversed the trial court, without assigning reasons, and rendered judgment dismissing the two suits. See The Travelers Insurance Company, et al v. Jefferson Insurance Company of New York, et al, 2001-2224 (La.11/21/01), 800 So.2d 777.
Although neither the code nor jurisprudence defines "good cause" for C.C.P. art. 1672(C) purposes, Hugh Eymard Towing, Inc. v. Aeroquip Corp., supra clearly indicates that when a plaintiff is charged by La. R.S. 13:3204 with the obligation to forward certified copy of the citation and *664 petition to the defendant, the duty must be discharged within the statutory period. In this case, plaintiffs' counsel did not explain why he could not have ascertained the status of citation, until after the statutory period had run. Counsel's request for service three days after the ninety-day period had expired strongly suggests counsel either miscalculated or mis-calendared the deadline. Such inadvertence does not constitute good cause. Young v. Roth, supra.

CONCLUSION AND DECREE
For the foregoing reasons, we grant writs and reverse the judgment of the trial court, dismissing respondent's petition without prejudice at respondent's cost.
WRIT GRANTED. TRIAL COURT JUDGMENT REVERSED. RESPONDENT'S PETITION DISMISSED WITHOUT PREJUDICE.