PAMELA FISHER

VERSUS

THE BLOOD CENTER AND
ABC INSURANCE COMPANY

*
*
*
*
*

* * * * * * *

NO. 2020-CA-0551

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01183, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Tiffany G. Chase)

Michelle H. Hesni
LAW OFFICE OF MICHELLE H. HESNI, PLC
412 Dolhonde Street
Gretna, LA 70053

     COUNSEL FOR PLAINTIFF/APPELLANT

L. David Adams
C. Wm. Bradley, Jr.
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**February 10, 2021**

Appellant Pamela Fisher (hereinafter "Ms. Fisher") seeks review of the trial court's June 17, 2020 judgment granting Appellee, The Blood Center's, exception of prescription. After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court.

## Facts and Procedural History

On December 23, 2016, Ms. Fisher donated blood at The Blood Center. The Blood Center technician conducted a routine "finger prick" test on Ms. Fisher in order to obtain a blood sample prior to her blood donation. A few days later Ms. Fisher began experiencing pain and swelling to her finger. On January 3, 2017, she presented to her primary care physician complaining of pain and swelling to her finger and was referred to a hand specialist. On January 4, 2017, the hand specialist performed surgery on her finger and a second surgery on January 25, 2017.

On December 21, 2017, Ms. Fisher filed a medical review panel request with the Patient Compensation Fund (hereinafter "the PCF") alleging negligence by The Blood Center. In it, Ms. Fisher named "The New Orleans Blood Bank" as the entity that allegedly provided substandard care. On January 4, 2018[1], the PCF

_____

[1] The PCF letter is exhibit "C" of The Blood Center's "Re-urged Peremptory Exception of Prescription" and is incorrectly dated January 4, 2017.

notified Ms. Fisher that "'The New Orleans Blood Bank' named in the petition are considered not qualified and does not have coverage in the [PCF] under the provisions of Louisiana Revised Statutes 40:1231.8, et seq."

On February 6, 2018, Ms. Fisher filed a petition for damages, in the trial court, naming The Blood Center as a defendant. Ms. Fisher alleged that she sustained injuries, while donating blood on December 23, 2016, due to the negligence of The Blood Center's technician while performing the finger prick test. In response, The Blood Center filed an exception of prematurity asserting that Ms. Fisher's medical review panel request was against "The New Orleans Blood Bank" not "The Blood Center." Thus, it maintained that Ms. Fisher's petition for damages was premature because the petition failed to comply with La. R.S. 40:1231.8(A)(1)(a)[2] and La. R.S. 40:1231.8(B)(1)(a)(i)[3]. The parties entered into a consent judgment on July 2, 2018, maintaining the exception of prematurity and dismissing Ms. Fisher's action, without prejudice, until a medical review panel reviewed the allegations.

Prior to the consent judgment, on June 14, 2018, Ms. Fisher filed a second medical review panel request with the PCF. In this request she named The Blood Center as the entity that provided substandard care. On August 23, 2018, Ms. Fisher amended the medical review panel request asserting that she was unaware

---

[2] La. R.S. 40:1231.8(A)(1)(a) provides, in pertinent part:

> All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.

[3] La. R.S. 40:1231.8(B)(1)(a)(i):

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

2

that The Blood Center engaged in substandard care until she met with an attorney on November 27, 2017.

In response, The Blood Center filed an exception of prescription on September 8, 2018, arguing that Ms. Fisher's medical review panel request was untimely and prescribed by law. Specifically, The Blood Center maintained that the medical review panel request was filed June 14, 2018, beyond the one-year time limitation of the alleged malpractice date of December 23, 2016. Ms. Fisher opposed the exception of prescription, asserting that she filed a medical review panel request within one year of discovery of the wrongful act. Alternatively, she argued that the doctrine of *contra non valentem*[4] applied.

On May 31, 2019, the trial court sustained the exception of prescription, dismissing Ms. Fisher's petition for damages with prejudice. The trial court found that the claim was prescribed on its face and thus, the burden shifted to Ms. Fisher to demonstrate that the claim had not prescribed. The trial court reasoned that Ms. Fisher failed to present evidence that the claim had not prescribed and thus, sustained the exception of prescription. Ms. Fisher appealed.

On February 12, 2020, this Court vacated the judgment of the trial court and remanded the matter for further proceedings. *Fisher v. Blood Ctr.*, 2019-0846, p. 7 (La.App. 4 Cir. 2/12/20), 292 So.3d 985, 990. This Court found that The Blood Center failed to meet its burden of proof because the medical review panel request filed by Ms. Fisher, against The Blood Center, was not properly introduced into evidence. *Id.*, 2019-0846, p. 7, 292 So.3d at 989. Based upon this finding, this

---

[4] "*Contra non valentem* is a judicially created exception to the general rule of prescription based on the civilian doctrine of *contra non valentem agere nulla currit praescriptio*" which suspends the time limitations, for filing a claim, in four specific instances. *Fontenot v. ABC Ins. Co.*, 1995-1707, p. 4 (La. 6/7/96), 674 So.2d 960, 963.

Court pretermitted discussion of the merits of the appeal. *Id*., 2019-0846, p. 7, 292 So.3d at 990.

On February 14, 2020, The Blood Center filed a "Re-Urged Exception of Prescription" asserting the same arguments as in its previous exception of prescription. Ms. Fisher responded with an opposition identical to her opposition to the first exception of prescription. By judgment dated June 17, 2020, the trial court sustained the exception of prescription, dismissing Ms. Fisher's case with prejudice. The trial court found that Ms. Fisher had constructive knowledge of the alleged malpractice and thus, prescription had run by the time she filed her petition for damages against The Blood Center. This appeal followed.

## Standard of Review

This Court's review of a ruling sustaining an exception of prescription "varies based on whether evidence was introduced in the trial court at the hearing on the exception." *Barkerding v. Whittaker*, 2018-0415, p. 13 (La.App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180. "When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *London Towne Condo Homeowner's Ass'n v. London Towne Co.*, 2006-0401, p. 4 (La. 10/17/06), 939 So.2d 1227, 1231.

"[I]f the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse… ." *Stobart v. State through Dep't of Transp. & Dev*, 617 So.2d 880, 882-83 (La. 1993) (citation omitted) (internal quotation omitted). As evidence was introduced at the trial on

The Blood Center's exception of prescription, a manifest error standard of review is applicable.

**Discussion**

In her sole assignment of error, Ms. Fisher argues the trial court erred in sustaining the exception of prescription and dismissing her petition for damages with prejudice.

At the trial on an exception of prescription, the mover ordinarily bears the burden of proof. *Carter v. Haygood*, 2004-0646, p. 8 (La. 1/19/05), 892 So.2d 1261, 1267. "However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Id*., 2004-0646, p. 9, 892 So.2d at 1267. The trial court found that Ms. Fisher's claim was prescribed on its face. A review of the pleadings demonstrates that Ms. Fisher donated blood on December 23, 2016, had her first finger surgery on January 4, 2017, and filed a medical review panel request, against The Blood Center, on June 14, 2018. Thus, the burden shifts to the plaintiff and Ms. Fisher is tasked with demonstrating that her claim had not prescribed.

Ms. Fisher asserts that the three-year time limitation of La. R.S 9:5628 is applicable to her claim. She maintains that she had until December 23, 2019 to file a medical review panel request. Therefore, her claim had not prescribed because she filed her medical review panel request, against The Blood Center, on June 14, 2018, which was within three years of the December 23, 2016 alleged malpractice. Alternatively, Ms. Fisher maintains that the doctrine of *contra non valentem* applies to suspend the running of prescription until discovery of the potential malpractice or wrongful act. She argues that she did not have actual or constructive knowledge that the pain and swelling to her finger was related to the finger prick

5

test until July 1, 2017, when she accessed her medical records online and learned of her diagnosis.

Conversely, The Blood Center asserts that Ms. Fisher had knowledge that the pain and swelling to her finger was the result of the finger prick test on January 4, 2017 when she underwent her first finger surgery. Therefore, according to The Blood Center, Ms. Fisher's claim prescribed on January 4, 2018.

La. R.S. 9:5628(A) governs the time limitations applicable to claims in medical malpractice actions. La. R.S. 9:5628(A) provides:

> No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center… whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Thus, La. R.S. 9:5628 sets forth three time limitations: (1) one year from the date of the wrongful act; (2) one year from the date of discovery of the wrongful act or; (3) at the latest three years, irrespective of the date of discovery, from the date of the wrongful act. *Borel v. Young*, 2007-0419, pp. 6-7 (La. 11/27/07), 989 So.2d 42, 48.

"Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Correa*, 2001-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510. "Constructive knowledge is whatever notice is enough to excite attention and put

6

the injured party on guard and call for inquiry." *Id*., 2001-2707, p. 12, 828 So.2d at 510-11. As this Court has previously articulated, under the constructive knowledge standard,

> [T]he plaintiff's mere apprehension that something may be wrong is insufficient for prescription to begin running; the plaintiff's knowledge must rise to the level of constructive knowledge: either she knew or should have known through the exercise of reasonable diligence that her problem may have been caused by an act of malpractice. Prescription will not run if it was reasonable for the plaintiff not to recognize that the condition might be related to the treatment.

*Marino v. Tenet Healthsystem Med. Ctr.*, 2009-0915, p. 5 (La.App. 4 Cir. 11/24/09), 26 So.3d 297, 300.

In the case *sub judice,* Ms. Fisher's finger prick test occurred on December 23, 2016. She presented to her primary care physician on January 3, 2017, complaining of pain and swelling to her finger, and underwent surgery to her finger on January 4, 2017. She had a second finger surgery on January 25, 2017. Ms. Fisher maintains that several days elapsed between the finger prick test and the onset of pain and swelling to her finger. Thus, she was not immediately alerted that the finger prick test was the cause of the pain and swelling to her finger. However, Ms. Fisher acknowledges that prior to the finger prick test she had no pre-existing conditions affecting her finger. Approximately eleven days elapsed between the finger prick test and Ms. Fisher's presentation to her primary care physician regarding the pain and swelling to her finger. The record does not reveal any intervening causes affecting Ms. Fisher's finger, occurring between the date of the finger prick test and the date Ms. Fisher presented to her primary care physician. Thus, it would be reasonable to equate the pain to the finger with the recent activity of a finger prick to that same finger. The pain and swelling to Ms. Fisher's

finger provided her with constructive knowledge that a wrongful act occurred during her blood donation. As such, the three-year time limitation provided for in La. R.S. 9:5628 is inapplicable, rather Ms. Fisher had one year from the date of discovery of the wrongful act to file a medical review panel request.

We now turn to Ms. Fisher's argument regarding the applicability of the doctrine of *contra non valentem*. She maintains that the doctrine of *contra non valentem* suspended the time limitation of filing her claim until discovery of the wrongful act. Ms. Fisher asserts that she did not discover any potential wrongful act until July 1, 2017 when she accessed her medical records and was made aware of the diagnosis to her finger. Thus, she argues that she had until July 1, 2018 to file her medical review panel request.

The doctrine of *contra non valentem* delineates four situations which would suspend the time limitations outlined in La. R.S. 9:5628, the fourth of which is the only one implicated in this matter. *See Fontenot*, 1995-1707, p. 4, 674 So.2d at 963. "The discovery exception embodied in [La. R.S. 9:5628] is a codification of the fourth category of *contra non valentem* for cases in which the cause of action is not immediately knowable. Under this discovery rule, such actions prescribe one year from the date of discovery of the alleged act, omission or neglect." *In re Med. Review Panel for Claim of Moses*, 2000-2643, p. 8 (La. 5/25/01), 788 So.2d 1173, 1178-79. The discovery rule is further limited by the language of La. R.S. 9:5628 and is inapplicable after three years from the injury causing act, omission or neglect. *See Borel*, 2007-0419, p. 29, (La. 11/27/07), 989 So.2d 42, 69, *on reh'g* (7/1/08).

We find no merit to Ms. Fisher's argument that the doctrine of *contra non valentem* suspends the time limitations. For *contra non valentem* to apply, Ms.

Fisher is required to establish that good cause prevented her from timely filing the medical review panel request. *See Barcia v. Louisiana Med. Malpractice Ins. Co.*, 2010-1424, p. 22 (La.App. 4 Cir. 5/25/11), 67 So.3d 659, 672. She filed her initial medical review panel request on December 21, 2017, although naming the incorrect entity. Once notified that "The New Orleans Blood Bank" was not a qualified healthcare provider under the Medical Malpractice Act, Ms. Fisher did not immediately file a new medical review panel request naming the proper entity. Instead, she filed a petition for damages against The Blood Center in the trial court. "[M]ere confusion regarding a party's correct name…is not a sufficient basis for good cause." *Norbert v. Loucks*, 2001-1229, p. 3 (La. 6/29/01), 791 So.2d 1283, 1285. The fact that Ms. Fisher did not correctly name the proper entity does not demonstrate good cause for failing to timely file her medical review panel request. As such, the doctrine of *contra non valentem* is inapplicable.

## Conclusion

Based on the record before this Court, we find the date of discovery of the wrongful act to be January 3, 2017, the date Ms. Fisher presented to her primary care physician complaining of pain and swelling to her finger. Suffering from pain and swelling to her finger within days following the finger prick test was sufficient to place Ms. Fisher on notice that the condition of her finger was related to her blood donation at The Blood Center on December 23, 2016. The ensuing pain and swelling to her finger, which caused her to seek treatment with her primary care physician, provided Ms. Fisher with constructive knowledge that the finger prick test was the cause of her symptoms. As such, she had until January 3, 2018 to initiate a medical review panel request against The Blood Center. Ms. Fisher did

not file the medical review panel request against The Blood Center until June 4, 2018. Thus, her claim had prescribed.

## Decree

For the foregoing reasons, we find the trial court did not err in sustaining The Blood Center's exception of prescription and dismissing Ms. Fisher's petition for damages with prejudice. The judgment of the trial court is affirmed.

**AFFIRMED**