NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-758

ANTHONY PHILLIP GIROUARD, JR.

VERSUS

SUE TAYLOR GIROUARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2020-4057
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

APPEAL CONVERTED TO APPLICATION FOR
SUPERVISORY WRIT; WRIT GRANTED
AND MADE PEREMPTORY.

**Lucretia Pecantte**
**Post Office Box 9010**
**New Iberia, Louisiana  70562-9010**
**(337) 374-1202**
**Counsel for Plaintiff/Appellant:**
      **Anthony Phillip Girouard Jr.**

**Cleveland R. Coon**
**720 Wheatsheaf Drive**
**Baton Rouge, Louisiana  70810**
**(225) 773-1233**
**Counsel for Defendant/Appellee:**
      **Sue Taylor Girouard**

**FITZGERALD, Judge.**

The issue here is whether the trial court erred in denying Plaintiff's motion to have his sworn detailed descriptive list deemed a judicial determination of the community assets and liabilities pursuant to La.R.S. 9:2801(A)(1)(a).

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Anthony Girouard Jr., obtained a divorce from Defendant, Sue Girouard, in May 2021. Around the same time, Anthony filed a petition to judicially partition the former community.

The petition included a request that the trial court order Sue to submit a detailed descriptive list (DDL), and an order to that effect was issued. Sue was served with the petition and accompanying order on May 28, 2021. Under La.R.S. 9:2801(A)(1)(a), Sue had forty-five days from that date to file her DDL.

On July 5, 2021, Anthony filed his DDL. Sue, on the other hand, never filed her DDL. Consequently, on August 24, 2021, Anthony filed a rule to show cause why his DDL should not be deemed to constitute a judicial determination of the community assets and liabilities.

The contradictory hearing on Anthony's motion was held October 11, 2021. After listening to the arguments of counsel, the trial court denied the motion from the bench. The trial court's ruling was reduced to a written judgment signed on October 18, 2021. Anthony appealed.

In his sole assignment of error, Anthony asserts that the trial court erred in denying his motion. More specifically, Anthony argues that Sue failed to show "good cause" under La.R.S. 9:2801(A)(1)(a).

## LAW AND ANALYSIS

### *Subject Matter Jurisdiction*

In this instance, the denial of Anthony's motion is not a final judgment that determines the merits of the case. Rather, it is a non-appealable interlocutory judgment. We therefore lack appellate jurisdiction.

The proper procedural vehicle to seek review of a non-appealable interlocutory judgment is an application for supervisory writ. La.Code Civ.P. art. 2201. While this court has the discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ, this should only be done if the motion for appeal has been filed within the thirty-day period allowed for the filing of a writ application. *Duckering v. Rapides Healthcare Sys.*, 15-1049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548. *See also* Uniform Rules—Courts of Appeal, Rule 4–3.

The trial court here denied Anthony's motion in open court on October 11, 2021. That ruling was reduced to a written judgment signed on October 18, 2021. Notice of judgment was mailed to all counsel on October 19, 2021. Two days later, on October 21, 2021, Anthony filed his motion for appeal. Because Anthony filed his motion for appeal within thirty days of notice of judgment, we will convert his appeal into an application for supervisory writ.

### *Assignment of Error*

In his only assignment of error, Anthony asserts that the trial court erred by denying his motion to have his DDL deemed a judicial determination of the community assets and liabilities, specifically arguing that Sue failed to show good cause under La.R.S. 9:2801(A)(1)(a).

2

Louisiana Revised Statutes 9:2801(A)(1)(a) (emphasis added) provides:

> Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. *For good cause shown*, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, *for good cause shown*, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.

Good cause under La.R.S. 9:2801(A)(1)(a) is a factual determination that should not be disturbed absent manifest error. *Gauthier v. Gauthier*, 04-198 (La.App. 3 Cir. 11/10/04), 886 So.2d 681. We therefore review Anthony's assignment of error under the manifest error-clearly wrong standard of review.

At the hearing of the rule to show cause, Anthony's attorney pointed out that the petition for judicial partition included a request for Sue to file her DDL within forty-five days; that an accompanying order to that effect was issued by the trial court; that Sue was served with the petition and accompanying order on May 28, 2021; that Sue had a statutory delay of forty-five days from that date to file her DDL; that Sue was then afforded an additional fifteen days to file her list by agreement of counsel; that Sue failed to file her DDL within this delay; and that, by contrast, Anthony had filed his DDL on July 5, 2021. These facts were admitted to by Sue's attorney at the hearing. Thus, the burden of proof shifted to Sue to show good cause for the trial court to extend the time period for filing her DDL.

"Good cause" is not defined in La.R.S. 9:2801(A)(1)(a). However, a different panel of this court thoroughly addressed the meaning of good cause in *Gauthier*, 886 So.2d 681. There, this court explained as follows:

Louisiana Revised Statutes 9:2801(A)(1)(a) sets a forty-five day period for the parties to file their respective lists. The court may grant an extension, should it find good cause to do so. Although there is no jurisprudential guidance on the meaning of good cause in relation to La.R.S. 9:2801, several courts have discussed the role of good cause in deciding whether or not to extend time in other contexts. Courts have agreed that "'good cause' must constitute, if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension." *Roan v. Roan*, 38-383, pp. 21-22 (La.App. 2 Cir. 4/14/04), 870 So.2d 626, 639, quoting *Piccione v. Piccione*, 01-1086, p. 9 (La.App. 3 Cir. 5/22/02), 824 So.2d 427, 432.

Courts have consistently declined to grant exceptions for good cause in situations where attorneys have missed a statutory deadline through inadvertence or error. In *Lewis v. Spence*, 00-648, p. 1 (La.App. 3 Cir. 11/2/00), 772 So.2d 354, 355, a party's counsel admitted that through "inadvertence and mistake or excusable neglect, the [deadline] was not calendared." The court determined that no good cause existed to excuse plaintiff's failure to request timely service of process on a defendant. In a similar circumstance, the court concluded that "[p]laintiff counsel's request of service one day after the ninety-day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does not constitute good cause." *Young v. Roth*, 01-2151, p. 1 (La. 11/9/01), 800 So.2d 374, 374-75. In *Norbert v. Loucks*, 01-1229 (La.6/29/01), 791 So.2d 1283, defendants filed a motion to dismiss on the grounds that plaintiff failed to serve them within the statutory period. The plaintiff responded by invoking the good cause exception of the statute, explaining that his prior attorney did not know the defendant's whereabouts. The court held that "inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Id*. at 1285.

Additionally, courts have discussed "good cause" in relation to showing the existence of an impediment beyond a party's control that hampered their ability to meet their deadlines. Louisiana caselaw provides that "'good cause' relates to whether there was some impediment that prevented the plaintiff from requesting timely service on the defendant." *Johnson v. Brown*, 03-679, p. 4 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 323. In a case where plaintiff's counsel explained that she was out of town for medical reasons for two weeks immediately prior to the deadline, the court remained unsympathetic, noting that "she has not shown any reason why she was prevented from requesting service within the first two months of the ninety day period." *Young*, 800 So.2d at 375. Furthermore, a court declined to find good cause excusing the delay where plaintiff argued his former attorney was unable to locate the defendant for service, observing that "[p]laintiff does not contend that [defendant's] address could not be ascertained or that [defendant] willfully made efforts to conceal her location." *Norbert*, 791 So.2d at 1285.

Finally, lack of prejudice to the opposing party is not good cause to justify tardy filings. For example, in *Naquin v. Titan Indemnity Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704, the plaintiff argued that, although their service on the defendant was delayed, the opposing party was not prejudiced because they had knowledge of the suit. The supreme court declined to find this supported good cause. Similarly, in *Langlois v. East Baton Rouge Parish School Board*, 01-1227, p. 7 (La.App. 1 Cir. 9/24/01), 809 So.2d 274, 278, the court found that the plaintiff had not demonstrated good cause for his failure to timely request service because "defendants' admission that [opposing counsel] had knowledge of the claim . . . [does] not excuse plaintiff from the requirement to timely request service."

*Id*. at 684-85.

In attempting to show good cause in this case, Sue's attorney explained in open court why his client's DDL had not been timely filed, pointing to

[p]ersonal health reasons, and of course going back and forth with the client and her issues. And so, you wake up one morning and a week has passed, and you wake up another morning, a month has passed. And so, it's just something that got away from me, and I will allow the Court to pin this blame on me. And I'd be more than happy to pay out of pocket for [opposing counsel's] expenses for coming here today for having to file the rule if the Court so deems that necessary. However, I have not heard one statement by her indicating that there is sense of urgency for this matter. . . . I think that what [opposing counsel] is trying to do or what [opposing counsel] is seeking to do is obtain an advantage over a technical violation of the rule.

And I admit I did violate the rule, I did not file the detailed descriptive list but a descriptive list has been filed with the Court. I've furnished her with a descriptive list on the 7th of October, and so if there is something that they feel was a sense of urgency, I would respect that, but I have not heard that.

Curiously, Anthony's attorney acknowledged that Sue had filed her DDL a few days before the hearing. But this acknowledgment was in error. Indeed, the record before us reveals that Sue's DDL was never filed.

Nonetheless, the trial court denied Anthony's motion and extended the time delay for Sue to file her DDL, finding that good cause had been shown. In its oral reasons, the trial court noted that Sue's attorney admitted that it was his fault, and

5

that Sue should not be "prejudiced because of [his] failure to do what he was supposed to do."

So does the record reasonably support the trial court's ruling? In our view, the answer is no. As explained in *Gauthier*, 886 So.2d at 684, "'good cause' must constitute, if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension." Here, Sue's attorney admitted it was his fault that the DDL was not timely filed, followed by vague, nonspecific reasons for his inaction. However, inadvertence on the part of Sue's attorney is not a sufficient basis for good cause. *Id*. at 685. Sue's attorney also claimed that the pending partition case did not present any urgent issues, seemingly alluding to the fact that Anthony, as the opposing party, would not be prejudiced by an extension of the time period for filing a DDL. But here too, "lack of prejudice to the opposing party is not good cause to justify tardy filings." *Id*.

The relevant facts in *Gauthier* are similar to the facts of our case. *Gauthier*, for example, involved a husband who blamed his attorney for failing to timely file his DDL. The husband also argued that permitting an extension to file his descriptive list would not prejudice his wife. However, the trial court had already given the husband a significant extension which he failed to meet. The trial court ultimately adopted the wife's descriptive list as to the assets and liabilities of the community, finding that good cause had not been shown by the husband. This ruling was affirmed on appeal.

In the end, the record before us does not provide a reasonable basis for finding good cause under La.R.S. 9:2801(A)(1)(a). Thus, the trial court clearly erred in denying Anthony's motion. We therefore reverse the trial court's judgment, and

we deem that Anthony's DDL constitutes a judicial determination of the community assets and liabilities.[1]

**DECREE**

For the above reasons, we grant and make peremptory the application for supervisory writ filed by Plaintiff, Anthony Girouard Jr. The October 18, 2021 judgment of the trial court is reversed. The sworn detailed descriptive list filed by Anthony constitutes a judicial determination of the community assets and liabilities. All costs of these proceedings are assessed to Defendant, Sue Girouard.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED AND MADE PEREMPTORY.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.3

---

[1] Thus, in accordance with La.R.S. 9:2801, the only issues that will be determined at the trial on the merits are the following: (1) the valuation of the community assets; (2) the allocation of the community assets and liabilities; (3) the calculation of an equalizing payment, if any; and (4) the claims between the spouses, including reimbursement claims.