STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-194


HILLARY NOEL-POTIER

VERSUS

RICHARD POTIER


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 91132
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**CHIEF JUDGE**

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**John W. Milton**
**King Milton Law Group, L.L.C.**
**213 East Willow Street**
**Lafayette, LA 70501**
**(337) 548-3030**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Hillary Noel-Potier**


**Lucretia P. Pecantte**
**Lucretia Pecantte & Associates**
**124 W. Washington Street, Suite B**
**New Iberia, LA 70562**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Richard Potier**

**PICKETT, Chief Judge.**

The plaintiff appeals the trial court's judgment granting the defendant's motion to deem his sworn detailed descriptive list as a judicial determination of the community of assets and liabilities existing between them during their marriage. We affirm.

## FACTS

On December 20, 2021, Richard Potier filed a petition seeking a divorce from Hillary Noel-Potier. With regard to incidental matters, Mr. Potier requested "both parties be ordered to file a sworn detailed descriptive list[] with forty-five days of the service[] of this petition setting forth al [sic] community assets and liabilities and all reimbursement claims." The trial court signed an order on December 28, 2021, which provides, in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that HILLARY NOEL-POTIER show cause on the 9th day of February, 2022 at 10:30 A.m. . . . why the court should not set a date for the filing of the sworn detailed descriptive lists of the community of property.

Mr. Potier filed his detailed descriptive list (hereinafter "DDL") on July 5, 2022. Thereafter, on November 28, 2022, he filed a rule to show cause why his DDL should not be deemed a judicial determination of the community of assets and liabilities existing between him and Ms. Noel-Potier. According to the record, Ms. Noel-Potier had not filed her own DDL before the May 24, 2023 hearing on Mr. Potier's rule to show cause. During that hearing, counsel for Ms. Noel-Potier argued (1) he had not been served with an order setting the deadline for filing the DDL and (2) Ms. Noel-Potier's DDL had been filed before Mr. Potier filed his rule to show cause why his DDL should not be deemed to constitute the community between the parties. Ms. Noel-Potier also argued Mr. Potier's DDL should not be "deemed to constitute a judicial determination of the community assets and

liabilities[,]" as provided by La.R.S. 9:2801(A)(1)(a), because: a) there was a miscommunication between the parties regarding the separation of community property; b) Ms. Noel-Potier relied on recommendations made by the Hearing Officer; c) Mr. Potier's DDL is totally incomplete; d) some assets not listed on Mr. Potier's DDL are listed in another judgment as being community property; and e) the parties stipulated that certain items not included on Mr. Potier's DDL were community property; therefore, those items should be deemed community property.

At the conclusion of the hearing, the trial court allowed the parties time to file additional briefs supporting their positions. Thereafter, the court issued Reasons for Judgment finding Ms. Noel-Potier did not establish she had good cause for failing to timely file her DDL and issued a judgment on August 4, 2023, granting Mr. Potier's rule to show cause and deeming his DDL as the community of assets and liabilities existing between the parties. Ms. Noel Potier filed this appeal.

## DISCUSSION

Ms. Noel-Potier assigns one error on appeal: the trial court erred in holding the parties had been ordered to file their DDLs within forty-five days. In paragraph 10 of his Petition for Divorce, Mr. Potier requested both parties be ordered to file their DDLs within forty-five days of service of notice. In support of her position, Ms. Noel-Potier points to the specific language of the December 28, 2020 order signed by the trial court that addresses the deadline for the parties to file their DDLs, which states: "why the court should not set a date for the filing of the sworn detailed descriptive lists of the community of property." She is correct that she was not ordered to file her DDL within forty-five days of a specific date, but she fails to acknowledge La.R.S. 9:2801 which establishes a deadline for parties to file their

2

DDLs. Mr. Potier filed his DDL on July 5, 2022, and his rule to have his DDL deemed to constitute the assets and liabilities of the community on November 28, 2022.

In ruling on Mr. Potier's rule to show cause, the trial court referenced the procedure for spouses to partition community property and settle other claims arising from the termination of their matrimonial regime set forth in La.R.S. 9:2801. Louisiana Revised Statutes 9:2801(A)(1)(a) which governs the procedure for the filing of the parties' DDLs and provides, in pertinent part: "Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property[.]" If one party fails to file her DDL timely, the other party can file a rule to show cause why his DDL "should not be deemed to constitute a judicial determination of the community assets and liabilities." *Id.* At the hearing on that rule, the trial court "may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list." *Id.* If the trial court grants the request, the DDL is deemed to constitute the community of assets and liabilities and cannot be traversed. *Id.*

The trial court pointed out in its Reasons for Judgment that Ms. Noel-Potier had been served with Mr. Potier's petition for divorce why the parties should not be ordered to file their DDLswithin forty-five days of service on January 6, 2022. Ms. Noel-Potier did not deny being served with Mr. Potier's petition for divorce. Rather, she denied being ordered to file her DDL within forty-five days of a certain date which is correct. Nonetheless, the trial court noted La.R.S. 9:2801(A)(1)(a) establishes a forty-five-day statutory deadline for parties to file their DDLs. Neither party met that deadline.

The transcript of the May 24, 2023 hearing on Mr. Potier's motion to have his DDL deemed to constitute the community between the parties shows Ms. Noel-

Potier's DDL was not in the record due to insufficient filing fees. Ms. Noel-Potier submitted her DDL on November 30, 2022, two days after Mr. Potier filed his rule to show cause. She argued she filed her DDL earlier, but the signature page of the DDL is dated November 29, 2022. The outstanding fees were not paid until June 27, 2023, seven months after she submitted her DDL to the clerk of court's office and almost one year after Mr. Potier filed his DDL.

In *Gauthier v. Gauthier*, 04-198, pp. 3–4 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, 684–85, this court addressed the issue of good cause in relation to the filing of DDLs, stating:

> Although there is no jurisprudential guidance on the meaning of good cause in relation to La.R.S. 9:2801, several courts have discussed the role of good cause in deciding whether or not to extend time in other contexts. Courts have agreed that "'good cause' must constitute, if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension." *Roan v. Roan,* 38,383, pp. 21–22 (La.App. 2 Cir. 4/14/04), 870 So.2d 626, 639, quoting *Piccione v. Piccione,* 01-1086, p. 9 (La.App. 3 Cir. 5/22/02), 824 So.2d 427, 432.
>
> Courts have consistently declined to grant exceptions for good cause in situations where attorneys have missed a statutory deadline through inadvertence or error. In *Lewis v. Spence,* 00–648, p. 1 (La.App. 3 Cir. 11/2/00), 772 So.2d 354, 355, a party's counsel admitted that through "inadvertence and mistake or excusable neglect, the [deadline] was not calendared." The court determined that no good cause existed to excuse plaintiff's failure to request timely service of process on a defendant. In a similar circumstance, the court concluded that "[p]laintiff counsel's request of service one day after the ninety-day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does not constitute good cause." *Young v. Roth,* 01–2151, p. 1 (La.11/9/01), 800 So.2d 374, 374–75. In *Norbert v. Loucks,* 01–1229 (La.6/29/01), 791 So.2d 1283, defendants filed a motion to dismiss on the grounds that plaintiff failed to serve them within the statutory period. The plaintiff responded by invoking the good cause exception of the statute, explaining that his prior attorney did not know the defendant's whereabouts. The court held that "inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Id.* at 1285.

4

*See also, Girouard v. Girouard*, 21-758 (La.App. 3 Cir. 4/27/22) (unpublished opinion), 2022 WL 1233946. Good cause is a factual determination which should not be disturbed absent manifest error. *Rosell v. ESCO,* 549 So.2d 840 (La.1989).

Ms. Noel-Potier was not ordered to file her DDL within forty-five days of being served with Mr. Potier's original rule to show cause, but La.R.S. 9:2801(A)(1)(a) provides a forty-five-day statutory deadline to file a DDL. Ms. Noel-Potier never sought clarification of the deadline, even after Mr. Potier filed his DDL in July 2022. Furthermore, she did not ensure her untimely DDL would be filed when she submitted it to the clerk of court, did not pay the necessary fees required to file it after being notified by the clerk of court, and did not verify it had been filed before the May 2023 hearing on Mr. Potier's rule to have his DDL deemed to constitute the community assets and liabilities. Under these facts, the trial court did not abuse its discretion in denying Ms. Noel-Potier's request to consider her late filed DDL.

## DISPOSITION

For the reasons discussed herein, the trial court's judgment deeming Richard Potier's detailed descriptive list as constituting the community of assets and liabilities formerly existing between the parties is affirmed.

**AFFIRMED.**